## TIMOTHY TOWNSEND *vs.* GAWEN RIDDLE.

A judgment in favor of one joint and several promiser is no bar to an action against another promiser, unless it appear that the judgment was founded on a satisfaction or discharge of the contract.

Where one of such promisers was in fact a mere surety, a delay to collect the debt from the principal until the remedy over by the surety is lost, does not exonerate the surety.

This was assumpsit on a promissory note, dated February 22, 1814, for $188 70, on demand, with interest. It was signed by the defendant and one *John Riddle*, as joint and several promisers.

At the trial here in April last, under the general issue, it appeared in evidence, that the note was given for the sole debt of *John Riddle* ; that the defendant was in fact a mere surety ; that said *John* died some years since ; that his estate having been represented insolvent, commissioners were appointed, to whom the plaintiff exhibited this note ; that the note was rejected or disallowed, and that he never claimed an appeal from their decision.

On these facts a verdict was taken for the plaintiff, subject to further consideration.

*E. Parker*, counsel for the plaintiff.

*Atherton*, for the defendant.

WOODBURY, J. The proceedings before the commissioners operated as a discharge of one of the joint and several promisers in the note now in suit.(1) Death discharged the person of *John Riddle*; and no action can be instituted against his estate, when represented insolvent.

(1) 1 N. H. Laws 219.

The first question, then, is whether a decision in favor of *John Riddle's* estate by the commissioners must, by operation of law, be deemed a bar to this action against the other promiser. When contracts are joint, any kind of discharge of one promiser on the merits of the contract is in law a discharge of all the promisers. 1 *Lev.* 63.—1 *Sid.* 76.— 1 *Bos. & Pull.* 630.—8 *John. Rep.* 339.—10 *ditto* 538. Because the contract once fulfilled, released or satisfied on its merits, should not again be enforced. But if the discharge do not relate to the merits of the contract, and only concerns the person of one of the promisers, as infancy, bankruptcy, &c., the other promisers are still holden. 2 *Maule & Selw.* 23, 444.—5 *John. Rep.* 160.—18 *ditto* 478.—13 *Mass. Rep.* 151, *Ward vs. Johnson et al.* " For," in the language of the *Mirror of Justice*, (p. 215) " satisfaction hath " respect to the debt and not to the person."

Indeed, where the contract is joint and several, as in the present case, a judgment against one promiser, followed by a commitment to prison and a discharge of his person, which amounts to a technical satisfaction, does not operate as a satisfaction of the debt itself, and bar another action against another promiser; but operates merely as a formal or modal satisfaction in respect to the individual imprisoned. 3 *Mod.* 86.—*Yelv.* 67, *note.*—5 *Co.* 86, *Blumfield's case.*— 2 *Bos. & Pull.* 62.—6 *D. & E.* 525.—6 *Co.* 46, *a.*—3 *East* 255.—*Cro. Ja.* 74, 338.—5 *East* 147.—5 *Bos. & Pull.* 475. —4 *D. & E.* 825, *M'Donald vs. Bowington.*—*Bl. Rep.* 1235, *Hayling vs. Mullhull.*—*Chitt. Bills* 254.—1 *John. Rep.* 291. —1 *Gall.* 32, *Hunt vs. Un. States.*—13 *Mass. Rep.* 151.

There would be little advantage in having two promisers, unless either could be prosecuted till the debt itself was ac-

Townsend
*vs.*
Riddle.

(1) 2 Bl. Rep.
1235.

(2) Cro. Ja.
338.—Strange
515.

(3) Cro. Ja.
187.Huscombe
vs. Standing.

tnally satisfied.(1)   Where the contract is joint, it would seem that, from some technical principle, a different rule prevails.   *Yelv.* 68, *b.*, *note.*—6 *Cranch* 253.—13 *Mass. Rep.* 148.—18 *John. Rep.* 483, *Robertson vs. Smith.*

But in either case, where the judgment against one promiser has been actually satisfied by land, goods, or money, then of course no action can be sustained against the other promisers.(2)   Whether the commissioners disallowed this note, because it had been thus satisfied, or because it had been discharged as to the person only of *John Riddle*, does not appear.(3)

But to bar this action, the grounds of their decision should appear, and should relate to the merits of the contract.   As the present defendant was no party to the doings before the commissioners, and consequently not bound by them, he cannot bind the plaintiff by them ; and if their decision rested on evidence of payment, illegality in the consideration, or some other such ground, it is the duty of the defendant now to prove it.   6 *Cranch* 265, *Shelny vs. Mandeville.*

The defendant next contends, that he was in fact only a surety in the contract, and ought now to be discharged in full or in part, on account of negligence in the plaintiff respecting the principal debtor.   The principal debtor was deceased ; his estate was insolvent ; these facts known to the plaintiff ; his claim exhibited to the commissioners, and, after being rejected, no appeal from their judgment claimed and prosecuted.   A neglect to appeal, it is said, has injured the defendant to at least the amount of the dividend, which would have been allowed had the claim been supported in the court of appeal.

But the ground on which the commissioners acted may, as before remarked, have concerned only the person of the principal debtor, and might have prevailed as well in the appellate tribunal as before the commissioners.   Moreover, the doctrine at law concerning the discharge of sureties does not now go to the extent, which the defendant apprehends.

By *Magna Charta*, *Ch. 8th,* " Neither shall the pledges of " the debtor be distrained as long as the principal debtor is " sufficient for the payment of the debt." And in *Fitz. Na. Br.* p. 137, a writ is said to lie for sureties to protect them from distress while the principal debtor has any thing. " We command you, that you distrain C. (the principal) to " pay the said money, and that you thereupon permit his " pledges to have peace," &c.

But in more modern times the surety is either by the terms of the contract liable at the same time and in the same manner with the principal ; or by its terms, as in case of endorsers of writs and bail, they do not become liable till judgment is obtained against the principal, and execution upon it is returned unsatisfied. In the last class of cases, if " distrained" or sued too soon, they can defend without resort to a remedial writ, as in *Fitzherbert ;* in the other class, they are by the terms of their contract liable or not liable at the same time with the principal ; and consequently, when sued before the principal, but after liable by their contract, they seem at law to be without remedy against the creditor, either by defence, by a separate writ, or otherwise. The safety to such sureties consists in their obtaining ample indemnity from their principals, or in making express provision in their contracts, that the principals are to be first and diligently prosecuted. Accordingly it has been held, that mere delay or forbearance to sue a principal debtor does not exonerate his surety. *Poth. on Ob.* 262.—1 *Dod. Ad. Rep.* 1, 7.—4 *Dessaux Rep.* 604.—3 *Yeates' Rep.* 160.—1 *Holt's N. P.* 84.—7 *John. Rep.* 338.—15 *ditto* 433.—17 *ditto* 176, *Powell vs. Waters.*—1 *Gall.* 34.—6 *Taunt.* 379.

At the same time it has been held, that if this delay happens after an express request by the surety for an action to be instituted against the principal, and if thereby the surety has lost all benefit of any remedy over for the debt, he becomes exonerated.(1) But this position has in other cases been denied, and though supported by some apparent equity, is on principle questionable. 2 *John. Chan. C.* 563.

(1) 13 John. Rep. 174.— 17 ditto 384.

Again, it has been held, that if the delay happen under a new and distinct engagement between the principal creditor, and the debtor and the surety suffer by the delay, he ought to be dischraged. 3 *Atk.* 96.—2 *Vez. Jr.* 540.—2 *Brown's Ch.* 529.—*Holt's N. P.* 84, *Orne vs. Young.*—10 *John. Rep.* 595.—15 *ditto* 433.

This last position seems on principle more tenable ; and the decisions in favor of it, though mostly in chancery, do not profess to rest on any principles, not consistent with the common law, when the character of the surety is disclosed in the contract. 7 *John. Rep.* 332.—2 *Vez. Jr.* 542.—*Holt's N. P.* 84.—*Vid. etiam*, 1 *Gall.* 33.—10 *John.* 595.—17 *ditto* 384.—6 *Taunt.* 379.

It deserves remark, however, that most of the cases above cited are those, where the sureties were liable, not as joint or joint and several promisers, but as mere endorsers, or as guarantors on a separate instrument ; in which cases it has been supposed, that greater diligence and strictness are imposed on the creditor.(1) Where the character of the surety appeared on the face of the contract, and by law the creditor was obliged to make periodical settlements with the principal, and neglected it, the surety has been exonerated. 7 *John. Rep.* 332, *People vs. Jansen.*—1 *Bos. & Pull.* 419.—10 *East* 40, *Tr. River C. vs. Harley.*

On the points above mentioned, see further—18 *Vez.* 200.—6 *ditto* 809.—2 *Marsh. Rep.* 91.—3 *Binney* 520.—2 *Hen. Bl.* 613.—3 *Wheat.* 155, *note.*

How far we should feel warranted in the adoption of any of the above positions to exonerate a surety, need not be decided till a case arises, which requires an absolute expression of our opinion. But it is very certain, that we should not go beyond all those positions ; and it is equally certain, that the present case comes within the principle of none of them.

Here the character of the defendant as a surety did not appear on the face of the contract, nor was it proved that the plaintiff knew him to be only a surety. Here he was not liable as a mere endorser on the same instrument, or as

(1) 2 Taunt. 206.—8 East 445.—10 John. Rep. 327, 587.

a guarantor on a separate one.   No time for an adjustment with the principal was fixed by law ; no delay was given to him after a request by the surety for a prosecution ; no new engagement for forbearance appears to have been entered into between the creditor and debtor ; and though the remedy over by the defendant is now lost, yet it was not after a request to prosecute, or an engagement to forbear.(1)

(1) 15 John. Rep. 433, Fulton vs. Mathews.

Perhaps a review or new trial might disclose new and important facts ; but on the case, as now stated, there must be

*Judgment on the verdict.*