## DAVID DAVIS vs. S. HUGGINS & SILAS READ.

Where one, who had signed a promissory note as surety, requested the payee to collect the money of the principal; but the payee neglected so to do until the principal became insolvent, it was held, that the surety was not discharged.

ASSUMPSIT on a note dated January 26, 1820, for $130, payable in six months with interest, and made by *Huggins* as principal, and *Read* as surety.

*Huggins* was defaulted. *Read* appeared and pleaded in bar, that he signed the note as the surety of *Huggins*, and that on the 1st August, 1820, he requested the plaintiff to collect the contents of the note of *Huggins*, he being then able to pay ; but that the plaintiff neglected to proceed against said *Huggins* until the 14th April, 1823, when this suit was commenced, and when the said *Huggins* had become insolvent, and unable to pay.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*Flanders*, for the plaintiff.

*Chase*, for *Read*.

RICHARDSON, C. J. delivered the opinion of the court.

It is to be considered as settled in this state, that a mere delay to call upon the principal does not, in any case, discharge a surety. 2 *N. H. Rep.* 448, *Townsend vs. Riddle.*—1 *Gallison* 32, *Hunt vs. U. S.*—*Kirby* 193, *Barnard vs. Norton.*— 10 *East* 34.—15 *John.* 433.

But it has been supposed, that if a creditor contract with his debtor to give further day of payment, without the assent of the surety, the latter is discharged. *Kirby* 397, *Deming vs. Norton.*—1 *B. & P.* 419, *Peel vs. Tatlock.*—3 *Binney* 520.—*Holt's N. P. Rep.* 84, *Orme vs. Young*—10 *Johnson* 587.

So it has been supposed, that a surety might be discharged by very gross negligence of the creditor, in certain cases. 7 *Johnson* 332.

And some have held, that if a creditor, after being requested by a surety to collect the debt of the principal, neglects so to do until the principal becomes insolvent, the surety is discharged. 17 *Johns.* 384, *King vs. Baldwin.*—13 *Johns.* 174, *Pain vs. Packard.*

Davis
*vs.*
Huggins.

But this principle is believed to have been adopted only in the state of New-York, and stands opposed there by the opinions of men, whose legal talents and sound reasonings more than counterbalance the weight of authority, which the decisions, that sanction the principle, carry with them. 2 *Johns. Ch. R.* 554.—17 *John.* 384.

And we are of opinion, that a surety is not discharged by a mere delay of the creditor to call upon the principal, when requested so to do by the surety. It seems to us unnecessary to establish such a principle, because the surety may in any case, if he feel any anxiety, pay the debt and call upon the principal by a suit in his own name. This, we think, is a sufficient protection for the surety ; and we are of opinion, that there must be judgment in this case, that the plea is insufficient.

*Judgment for the plaintiff.*