## GRAFTON BANK *versus* THOMAS KENT.

In assumpsit upon a promissory note against one of the makers, it was held to be competent to the defendant to show by parol evidence that he was only a surety, and that the plaintiff knowing that fact had so conducted with the note as to discharge him.

ASSUMPSIT upon a promissory note in the following words :—                              *Orford, July 1st, 1823.*

" For value received we jointly and severally promise the president, directors and company of the Grafton Bank to pay them or order, five hundred dollars on demand with interest after sixty days.

AARON HALE,

THOMAS KENT."

The cause was tried here at November term, 1825. The defence was, that Kent signed the note as a surety only, and that he had been discharged by day of payment given to the principal without his consent or knowledge.

The defendant having given to Aaron Hale, the other signer of the note, a release, called the said Hale as a witness to prove that the defendant signed the note as a surety for Hale. To the admission of this evidence the plaintiffs objected that it went to contradict the note, and the evidence was not admitted and a verdict taken for the plaintiffs under an agreement that if the court should be of opinion that said testimony was admissible, the verdict should be set aside and a verdict be entered for the defendant.

*Bell*, for the plaintiff.

*Woodbury*, for the defendant.

The evidence offered in this case does not go to change the original form or substance of the contract ; neither its date, the amount of the debt, nor the time of payment, But subsequently to the original contract such proceedings took place between the payees and one of the

promisers as on legal principles would discharge a surety, and the evidence was introduced to show that the defendant was a surety in order to give him the benefit of those legal principles. The evidence did not go to affect the original contract in any respect ; and was clearly competent testimony. 14 East, 544 ; 8 D. & E· 379 ; *Rex* v. *Laindon* ; 7 Taunt. 295 ; 15 East, 274 ; 10 Johns. 224, *Herrick* v. *Carman* ; 6 Mass. Rep. 430, *Barker* v. *Prentiss.*

It is competent evidence at law as well as in chancery. 8 Taunt. 737, *Wells* v. *Girling* ; Holt's N. P. cases, 84, *Orme* v. *Young* ; 13 Johns. 174, *Paine* v. [*Packard* ; 17 Johns. 399, *King* v. *Baldwin* ; 2 N. H. Rep. 452, *Townsend* v. *Riddle.*

The same rules of evidence as to written contracts are used in chancery as in the courts of common law. Philip's Evidences, 447.

The reason why they sometimes go to chancery in England in these cases, is, because the suit is on a bond with a condition, and proper remedies are not provided at the common law in such cases. Such was the case of *Rees* v. *Barrington* ; 2 Vesey junior, 540.

The suggestion that on principle it is not competent to show the character of one maker to exonerate him when it does not exonerate others, seems not to be well founded. Because one maker may be proved to be an infant, a femme covert, or a bankrupt, in order to discharge him, while others remain bound.

One maker may be proved to have been beyond sea, and thus not within the statute of limitations, while the statute would be a bar with respect to others.

The opinion of the court was delivered by RICHARDSON, C. J.

It has been doubted, whether in an action of debt upon a bond in which the obligors are bound jointly and severally, a court of law could decide upon an averment that one of the obligors put his seal to the instrument as a

surety, when it did not appear to be true on the face of the bond. 1 Gall. 32, *Hunt* v. *The United States* ; 2 Vesey, jun. 540 ; 7 Johns. 337.

In many of the cases, where the rights and liabilities of sureties have been discussed, they have appeared as sureties upon the face of the instrument. In some instances it has been expressly stated that they were sureties. In other cases it has appeared by the nature of the contract. 3 Binn. 520, *The commissioners* v. *Ross* ; 5 B. & A. 187, *Davey* v. *Prendergrass* ; 3 Will. 530, *Wright* v. *Russell* ; 2 Pick. 223 ; 1 D. & E. 291, note ; 9 Mass. Rep. 267 ; 2 Caine's cases, 57 ; 2 Saund. 411 ; 1 D. & E. 287, 3 East, 484 ; 4 B. & P. 34 ; 5 ditto, 174 ; 7 Johns. 332 ; 1 B. & P. 419 ; 10 East, 34 ; 3 N. H. Rep. 231 ; 15 Johns. 433 ; 5 B & A. 187 ; 6 Taunt. 379 ; 10 Johns. 587 ; 17 ditto, 384 ; 1 Taunt. 159 ; 2 B. & P. 61 ; 15 East, 617 ; 3 B. & P. 363 ; 5 Taunt. 319 ; 4 ditto, 456 ; 3 Meri. 272, *Samuel* v. *Howarth.*

In the case of *Orme* v. *Young*, 1 Holt, 84, the defendant pleaded that he entered into the bond as a surety, but it does not appear whether it was apparent on the face of the instrument that he was a surety.

The same remark is applicable to the case of *Paine* v. *Packard*, 13 Johns. 174.

In the case of *Townsend* v. *Riddle*, 2 N. H. Rep. 448, the character of the surety was not disclosed on the face of the contract ; but the question whether it was competent to Riddle to show that he was in fact a surety, was not settled in that case.

The case of *Stratton* v. *Rastall*, 2 D. & E. 366, was assumpsit brought to recover back money which had been paid for an annuity bond made by Rastal and one Avarne, and which had become void. It appeared that Rastal and Avarne gave a joint receipt for the money, but Rastal showed that he was only a surety and received no part of the money, and was held not to be liable. But in that case the bond was void.

The case of *Wells* v. *Girling*, 8 Taunt. 737, is more directly in point. To support a money count the plaintiff offered in evidence a note of which the defendant was one of the makers. The defendant showed that there had been no antecedent dealings between him and the plaintiff, and that he signed the note as a surety only, and this was held to be a good answer to the action. If in such a case it was competent to the defendant to show that he was only a surety, it is difficult to imagine any good reason why a defendant should not be permitted to do the same thing when material, where the count was upon the note itself. If it was competent to the defendant there to say " I am only a surety and if you recover the money of me at all you must recover upon the contract I made ;" it must be very strange if in this case the defendant is not at liberty to say " I am a surety and you have so conducted towards me that I am by law discharged."

And we are on the whole of opinion that the rule is, where a maker of a note, who has signed as a surety, does not appear on the face of the paper to be a surety, he is to be considered and treated as a principal with respect to all those, who have no notice of his real character, but that wherever it is material, a defendant may show by extrinsic evidence that he made the note as a surety only, and that it was known to the plaintiff that he was only a surety.

*Verdict set aside, and a verdict entered for the defendant and judgment.*