#### IN THE

## SUPERIOR COURT OF JUDICATURE

#### FOR THE

## COUNTY OF GRAFTON, MAY TERM,

### A. D. 1832.

---

## W. D. M'Questen *versus* Caleb Noyes and Moses H. Clement.

W. who was absent, wrote to N. requesting him to borrow of M. a sum of money to pay a debt of W. and promising to repay the money on his return. This letter was shown to M. and the money obtained, for which N. gave his note. W. on his return, went to M. with the money, and offered to pay N's note, but M. permitted W. to retain the money, and agreed to wait for the money due on that note. It was held that N. must be considered as standing on the ground of a surety, that the offer to pay the note, must, under the circumstances, be considered as a payment, and the agreement to wait, as a new loan to W.

Assumpsit on a note, for $52, dated 4th December, 1824, payable to the plaintiff, or bearer, in sixty days, with interest. The cause was tried here, at May term, 1831, upon the general issue, and a verdict returned for the plaintiff.

M'Questen
v.
Noyes et a.

It appeared, that sometime before the date of this note, Noyes had signed, as surety for one Walter Wyatt, a note to a bank. A little time before a payment on the note to the bank became due, Wyatt, who had gone into Canada with a drove of horses, wrote to Noyes, that he should not be able to obtain the money for the horses and return in season to make that payment, and that he wished Noyes to obtain the money of the plaintiff, and make the payment, and that he would replace the money on his return. Noyes carried the letter to the plaintiff, and obtained the money, by giving the note now in suit, and paid it over to the bank. Wyatt afterwards returned and went to the plaintiff with money, in order to pay the note. One witness testified that the plaintiff told him, that when Wyatt offered to pay the money, he suggested to him that his note to one Caverly, on which the plaintiff was surety, would shortly become due, that he had better apply the money to the payment of that note, and he, the plaintiff, would wait for the money due on the note now in suit.

Another witness testified, that the plaintiff told him, that, when Wyatt came with the money to pay the note, Wyatt told him he wanted the money to buy military caps, and he permitted him to take it.

It did not distinctly appear that the defendants knew that Wyatt had the money on his return and went to the plaintiff for the purpose of paying the note.

The court instructed the jury, upon this evidence, that although the conduct of the plaintiff might not have been perfectly correct in advising, or permitting, Wyatt to apply the money offered in payment of this note to any other purpose, yet his conduct, in that particular, did not in law discharge these defendants.

Upon the above case the defendants moved for a new trial, on the ground that the jury were misdirected.

*Quincy* and *Bartlet*, for the plaintiff.

*Bell*, for the defendants.

Richardson, C. J., delivered the opinion of the court.

The defendants, in this case, gave the note on account of Wyatt, who promised to replace the money on his return from Canada ; and all this was known to the plaintiff. The defendants, then, are, in our opinion, entitled to stand on the ground of sureties with respect to the plaintiff, in the same manner as if Wyatt's name had been upon this note as a principal.

Now, under these circumstances, it seems to us that, if, at the time Wyatt brought the money to the plaintiff, the latter did nothing more than insist that the money should be applied to pay the Caverly note, without any agreement on the part of the plaintiff to give Wyatt day of payment, as to the money due on this note, there is no just ground of complaint on the part of these defendants. This was no more than he had a right to do.

But if, in order to induce Wyatt to take up the Caverly note, or with a view to accommodate Wyatt with the money to buy military caps, the plaintiff agreed, without the assent of the defendants, to give Wyatt day of payment as to the money due on this note, then, in either of those cases, it seems to us, that the offer of Wyatt to pay this note, ought, in equity and good conscience, under the circumstances, and between these parties, to be considered as a payment, and the agreement between the plaintiff and Wyatt, that the latter should have day of payment, as a new loan of the money to Wyatt. The plaintiff knew that Wyatt had agreed to replace the money, on his return from Canada, and had no right to give day of payment beyond the time agreed, without the consent of the defendants.

If the plaintiff agreed to give time, it must have been with an understanding that Wyatt was to pay interest, and this was a good consideration for the agreement.

We are of opinion, in this case, that, instead of the direction given to the jury, it ought to have been left to them to say whether there was a contract to give Wyatt

day of payment without the assent of the defendants, and that the motion for a new trial must prevail.

*New trial granted.*