#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF GRAFTON, JULY TERM,

#### A. D. 1834.

---

### WHEAT *versus* KENDALL.

The holder of a joint promissory note, signed by two individuals one of whom was in fact a surety, received it before it was due and without any knowledge of that fact. Subsequently to the time he so received the note he had notice that one was a surety and afterwards made a contract with the principal by which he agreed to extend the time of payment without the assent of the surety. Held that the surety was thereby discharged.

If such contract is founded upon a promise on the part of the principal to pay more than legal interest during the time the payment is so delayed, it is nevertheless upon a sufficient consideration to discharge the surety.

ASSUMPSIT upon a promissory note signed by one Sanborn and the defendant, dated November 18, 1829, payable to one Hardy or bearer in one year from date with interest.

Upon the trial in the Common Pleas, May term, 1834, it appeared that the defendant was in fact surety for said Sanborn. The plaintiff purchased the note before it became due without any knowledge of that fact, but subsequent to the time he so purchased it he had notice that the defendant was surety, and afterwards, and after the note became due, he made a contract with Sanborn for a

farther delay of payment without the assent of the defendant in consideration of a promise on the part of Sanborn to pay extra interest.

The court instructed the jury that it was not necessary for the defendant to prove that the plaintiff knew at the time of the purchase and transfer of said note that the defendant was a surety, and that it was sufficient to discharge the surety that the plaintiff knew, at the time the contract for delay was entered into, that the defendant was in fact surety.

The court farther instructed the jury that a promise to pay extra interest upon the note was a good and sufficient consideration for the contract for delay of payment on said note.

The jury returned a verdict for the defendant and the plaintiff moved for a new trial on account of misdirection.

*Quincy*, for the plaintiff.

*Bartlett* and *Minot*, for the defendant.

*By the Court.* PARKER, J.　We see nothing in this case to make it an exception to the ordinary rule, that if the creditor, with a knowledge that one of the makers of the note is a surety, contracts with the principal to give day of payment without the consent of the surety, the latter is thereby discharged.　4 N. H. Rep. 221, *Grafton Bank* v. *Kent* ; 5 ditto, 99, *Bank* v. *Woodward*,

The plaintiff when he took the note had no knowledge that the defendant was a surety. But he had such knowledge before contracting with the principal to delay the payment, and was under no obligation to make any such contract.

The injury to the surety is the same as if the creditor had possessed the knowledge at the time the note was taken.　He could not pay, and take up the note within the term of the extended credit, and seek indemnity from his principal, as he might otherwise have done.

All that justice requires is that such contract should

not prejudice the right of the creditor, against the surety, until he had notice that he was surety. When he has notice of that fact, all he is required to do, is, not to undertake to continue the liability of the surety by a new agreement with the principal without the assent of the surety. This, manifestly, imposes no hardship upon the creditor.

But it is farther argued, that the direction to the jury, that a promise to pay extra interest upon the note was a good and sufficient consideration for the contract for delay of payment, cannot be supported. It would seem that the instruction to the jury was fully sustained in *Bank* v. *Woodward*, 5 N. H. Rep. 106.

But it is argued, that it would not be on a sufficient consideration, to contract to delay for simple interest, because the note— the original contract—gave that ; and that a contract to delay on a promise to pay the usury, would not be on a good consideration, because the usury was illegal and thus the contract void, and of course could not operate to discharge the surety.

But how can the contract be a contract to forbear, in consideration of receiving *extra* interest, unless legal interest forms a part of the subject matter upon which the contract is predicated ?

The argument, if admitted, will prove quite too much for the plaintiff's case. The rate of extra interest, agreed to be paid, does not appear from the case sent up, but such a separation as the argument makes, would seem to authorize the plaintiff to receive, legally, twelve per cent upon his money ; because, according to that reasoning, the six per cent, to be paid by the terms of the note, is secured and received by means of the note, and forms no part of the consideration of the agreement to forbear ; and, if that be the case, what is there to hinder the creditor from receiving six per cent more as a consideration for that agreement ; and why will not such agreement be upon a perfectly legal consideration, to

<em>Wheat v. Kendall.</em>

which no objection can be made ? No penalty would be incurred by the receipt of that six per cent, for the creditor would not have taken more than six per cent *for forbearing and giving day of payment,* in pursuance of the agreement. The other six per cent was payable by the terms of the original contract, and must be legal ; and if it formed no part of the consideration for the new contract for forbearance, such contract to forbear, for another six per cent, must of course be a legal binding contract, upon an entire legal consideration, and the surety thereby discharged.

The fallacy in the argument arises from separating the legal interest, and the usury, and assuming that the original contract secured to the creditor the payment of the legal interest, during the time for which the creditor agreed to extend the day of payment. The note was due and payable—the creditor might call for the money, or the debtor pay it at any time. The creditor, therefore, when the agreement was made, had no security that any interest should be paid him by the debtor for a single day to come. He would receive interest until the money was paid, but there was no stipulation that it would not be paid that day.

The contract with the principal, that the day of payment should be postponed to a certain period, secured to him six per cent interest on the note for that period, and that he was to receive this, was part of the consideration of the agreement for forbearance, and all the interest agreed to be paid, over and above that six per cent, was usury, for which, if paid or secured, a deduction might be had in a suit upon the note, or a penalty recovered in a separate action.

When the court said that a promise to pay extra interest upon the note was a good and sufficient consideration for the contract for delay of payment, it must have been understood as if it had been said, that a contract, by the creditor to delay payment, upon a promise by the prin-

cipal debtor, that a certain rate of interest, amounting in the whole to more than legal interest, should be paid upon the note during the delay, was a contract founded upon a sufficient consideration to operate as a discharge of the surety, being made without his consent ; and to [this there is no objection, for the reasons stated in *Bank* v. *Woodward*. Such contract, by the law of this State, is not absolutely void, but subjects the recipient to a forfeiture of three times the excess taken or secured above the legal rate.

How far it is competent for the creditor to allege, in answer to a defence of this kind by a surety, that the contract for delay, which he made with the principal, was founded upon a consideration wholly illegal, so that it might have been avoided, need not therefore be settled in this case.

We are not prepared to accede to the argument, that a contract to delay, for the legal interest, would not be on a sufficient consideration, because the original contract gave that ; if nothing farther had been agreed to be paid. The security which the creditor would acquire by such agreement, that the payment should be delayed, and that he should receive interest for the whole of the extended time, might well form a sufficient consideration.

*Judgment on the verdict.*