## Stevens *versus* Hall.

The statute relative to auditors authorizes them to examine the parties upon oath, and makes their report evidence on trial before the jury, but it does not authorize the examination of the parties in court upon such trial, farther than they could have been examined before its passage.

Assumpsit upon an account annexed to the writ, tried in the court of Common Pleas, May term, 1834.

At a former term the case was committed to an auditor, and on the hearing before him, the plaintiff, by request of the defendant, was examined as a witness in chief, and his testimony, together with that of the other witnesses, was fully reported with the result at which the auditor had arrived from the testimony thus submitted to him.

The plaintiff claimed a trial by jury, on the ground that the auditor had allowed him a less amount than was due him on said account, and upon the trial, the auditor's report having been read, and the plaintiff examined as to his books of account, his counsel farther proceeded to make him a witness in chief as to all matters, where his testimony had been taken and reported by the auditor.

To this the defendant objected, but the testimony was admitted by the court, and a verdict having been rendered for the plaintiff, the defendant moved for a new trial on account of the admission of the plaintiff's testimony.

*D. Blaisdell, jr.* for the plaintiff.

*Bell,* for the defendant.

*By the Court.* PARKER J. Had the case never been committed to an auditor, it is very clear that the plaintiff could not have offered himself as a witness in chief. If, then, his introduction be justified, it must result from the provisions of the statute authorizing the court to appoint auditors ; but upon full consideration, we are of opinion that there is nothing in the statute which entitles the plaintiff thus to offer himself as a witness, or which changes the common law rules of evidence on the trial in court farther than to make the report of the auditor evidence.

The statute provides that auditors shall state the accounts between the parties and make report to the court, and the report so made shall, under the direction of the court, be given in evidence to the jury, subject, however, to be impeached by evidence from either party.

It is not said what evidence may be given to impeach the report, and it must be taken, therefore, that such evidence is to be admitted relative to the merits of the case as would be admissible in other cases before the jury.— The parties have the benefit of the report of the auditor as evidence. The result to which he has come, or the facts as he has found them may be encountered and disproved by other evidence.

In fact, the statute has not authorized the party to make himself a witness before the auditor, nor has it authorized the auditor to compel either party to testify.— If either party refuse to answer interrogatories the auditor is to report such refusal to the court. Nor has it authorized the court to compel either party to give evidence in the mode witnesses are ordinarily compelled to testify. If the auditor reports a refusal of the party to be examined, the court, on his report, may cause damages to be assessed by the jury and enter judgment, or may render judgment as upon a default or nonsuit, but there is nothing to authorize the court to require the party to submit to an examination either before the auditor or in court and to commit him for a contempt on his refusal.

Such being the case, we are of opinion that the party himself cannot, by any provision of the statute, be considered a witness in chief on the trial before the jury. The adverse party cannot require him to submit to an examination in court, and still less can he require his own testimony to be admitted against the consent of his adversary. Nor can the fact that he has submitted to an examination before the auditor alter the case. He has in that case had the benefit of his own testimony once and has little reason to complain that he cannot be admitted again.

The plaintiff in this case has been examined in court as usual in verification of his books, and being admitted as a witness thus far it might perhaps have been competent for the defendant, under the ordinary practice in

cases of this kind, to make him a witness in chief had he so elected, but instead of this he objected to the examination.

If it is expedient that the parties should be examined on trial before the jury, the legislature can easily make provision for it, but we think if such had been their intention it would have been indicated in language different from any to be found in the statute.

Had the auditor had power to render a judgment and the parties had a right to appeal from his decision and have a trial in court, it might well have been argued that the legislature must have intended that on the trial upon appeal the same rules of evidence should be applied as upon the original hearing, but no such state of facts is presented in this case. The action, therefore, must be sent back to the common pleas for a

*New trial.*