## BAILEY *vs.* ADAMS.

If the holder of a note signed by a principal and surety, and containing a promise to pay interest, makes an agreement with the principal, after the note becomes due, to delay the payment for a specified time, in consideration that the principal promises to pay interest on the note for that period; and this is done without the knowledge or assent of the surety; the agreement to pay the interest for such period furnishes a sufficient consideration for the promise to delay, and the surety is discharged.

But a mere promise by the creditor to wait a certain time, without any promise of the principal to pay interest, other than what is contained in the note, and without any other consideration, does not constitute a binding agreement to delay. The promissors may in such case pay the note at any time, and the creditor may collect it, there being no consideration for his promise.

ASSUMPSIT upon a promissory note, signed by John Adams, jr., and by the defendant, John Adams, as his surety, dated October 19, 1829.

The defendant contended that he was discharged from

further liability, by a contract between the principal and one Smith Buswell, who it was admitted was the party in interest.

It appeared in evidence that said John Adams, jr., having been called on by Buswell for payment, went to him, on the 23d December, 1833, and paid him $24·00, which was indorsed on the note—that he at the same time told him that was all the money he could get, and that he wished him to wait on him for the rest—that Buswell said he would wait six months, and on Adams saying that September would be a better time, he agreed to wait until September.

Adams, in the same conversation, said he " would work it out as fast as he could," or something of that import.

A verdict was taken for the plaintiff, by consent, subject to the opinion of the court upon the foregoing case.

*Rogers*, for the plaintiff.

*Quincy*, for the defendant.

GREEN, J. Every declaration, or promise, by a creditor, made to the principal, without the assent of the surety, will not discharge the surety. In order to have this effect, the promise must be founded upon a sufficient consideration, so as to constitute a binding agreement between the creditor and the principal. Such agreement, when so made, not only binds the creditor so that he cannot sue, but he is not obliged to receive his money, if tendered within the time. The debtor is bound so that he cannot pay, and it is such an extension that discharges the surety. 5 *N. H. Rep.* 105, *Grafton Bank* vs. *Woodward.*

The agreement to pay simple interest may be a sufficient consideration for such a contract to delay, if there is, in the contract for delay, a stipulation by which it is secured to the creditor for any specified time. As, for instance, if the creditor, the note being due, should agree with the principal to delay the

payment six months, on the consideration that the principal promised to pay the interest for that period of time; this would be a contract upon a sufficient consideration. The promise to pay the interest, under such circumstances, would bind the principal to the payment of it for the period agreed on, and thus secure the creditor a right beyond what he had before, even if the note contained a promise to pay interest; because, the debt being due, the principal, or surety, before the new agreement, might pay it at any time, and the original contract therefore did not secure the creditor interest for a single day to come. 6 *N. H. Rep.* 507, 508, *Wheat* vs. *Kendall.* This last case seems to have been somewhat misunderstood. There was there an express promise to pay interest for the stipulated time, at twelve per cent. And it is with reference to this express promise to pay, that the court intimate that a contract to delay for the legal interest might be upon a sufficient consideration.

But where there is a mere promise, on the part of the creditor, to delay payment to a future time, there being no promise on the part of the principal to pay interest, except what is contained in the note itself, that will not furnish a sufficient consideration. The promise to pay interest, contained in the note, cannot form a consideration for the new promise to delay the collection, for the reason, before suggested, that after the note becomes due the principal or surety may pay it at any time. And a promise by the creditor to delay, without any new promise or agreement by the principal in relation to the interest, and without any other consideration, does not bind the principal any farther than he was bound before. He may still pay the note when he pleases, and if he may do so, the surety may do likewise.

In the present case there was evidence that Buswell, the creditor, made a promise to delay the collection; but as the case stands, there is no sufficient evidence that the principal made any agreement which would furnish a consideration for that promise, or prevent him from tendering the money at

any time he pleased, afterwards. There is some evidence, in the declaration made by the principal that he " would work it out as fast as he could," tending to show that it was understood that he might pay at any instant he saw fit. But as this matter was not fully inquired into at the trial, if the defendant supposes he can make a better case, the verdict may be set aside to give him an opportunity to furnish other evidence. If there is any, tending to show a consideration, it should be submitted to a jury.