## McCann *vs.* Dennett.

The maker of a note upon which there was a surety, at, or near the time it became due, requested the payee to receive a certain sum in part payment of it. The payee declined to receive it, saying that he had no use for it then, but that he had a payment to make in about six months, when he would take it. At the end of six months, the note being unpaid, the payee received of the maker another sum in part payment.—*Held,* that the transaction did not amount to an agreement to give time to the principal, and that the surety was not discharged.

Assumpsit, upon a promissory note, dated on the 23d day

McCann v. Dennett.

of April, 1840, for $421.51, payable to the plaintiff, or order, in one year, with interest. The note was signed by one Emery as principal, and by the defendant as his surety.

At the trial upon the general issue, the defendant, in order to show that the plaintiff had discharged him by making a new contract with Emery, released Emery and introduced him as a witness. Emery testified that about the time the note became due, but whether on the day it fell due, or a day or two after, he could not say, he told the plaintiff he had, and he in fact had, $200.00, which he wished to pay on the note. The plaintiff objected to receiving it, saying that he had no use for it then, but that he had a payment to make in about six months, when he would take it. Nothing was paid at that time. On the 30th day of October, 1841, Emery paid the plaintiff $30.00, which was indorsed on the note. Upon this evidence a verdict was taken for the plaintiff, subject to the opinion of this court.

*Cushman*, for the defendant, cited 2 *T. R.* 360 ; 8 *East* 576 ; 4 *N. H. Rep.* 221 ; 5 *N. H. Rep.* 99 ; 6 *N. H. Rep.* 504.

*Woodbury*, on the same side. It has always been held that nothing should be done by the payee to put the surety off his guard. He cannot complain of mere delay, but he may complain if the delay be owing to any arrangement with the principal. The surety looks to the contract alone as his guide, and nothing should be done in relation to it calculated to mislead him. The payee should not say to the principal, when he is ready to pay, that he will not receive his money. The surety knows nothing of it, and may consequently suffer. And he will suffer just as much whether there be any duty on the payee to receive the money or not. It is not necessary that the payee should be benefited ; but if it be, then in this case he was to have interest for a longer period than that specified in the contract. The equitable view of the

case is,—and the rights of a surety are matters of equitable consideration,—that as the payee would not receive a part of the money, the surety should be discharged for that sum, at least.

*Hackett*, for the plaintiff. In order that a surety should be discharged by a contract for delay, the contract should be one which will put it out of the power of the payee to maintain a suit upon the note. Here there was no such contract.

GILCHRIST, J. It has long been established that any agreement between the principal parties, inconsistent with the original agreement to which the surety acceded, will discharge him. And in such cases the true inquiry is, whether the surety were in fact placed in a different situation by what has taken place between the parties, by which change of situation he *might* have been prejudiced, and not whether he has actually sustained any injury. *Moore* vs. *Bowmaker*, 6 *Taunt.* 379; *Ibid.* 7; *Price* 223. This results from the principle that if the surety is discharged at all, he is so at the time the agreement is made. And there is no person whose rights are more carefully guarded by the courts than a surety. A creditor is bound to notice the nature of his engagement, and to protect him. If he do not, the courts, both of law and of equity, will; and the most liberal views have always been entertained of his position, and of the necessity of protecting him from the consequences of agreements made without his knowledge, and by parties whose interests are not identified with his. In the case before us, we are disposed to give the surety the benefit of every position which applies to his relation to the principal; but, upon a careful view of all his rights, we are not of opinion that he has been discharged by the transaction between the principal and the payee.

In the first place, whether the principal offered to pay money to the plaintiff on the day the note became due, or before, he

did not offer to pay the whole debt. The plaintiff was not bound to receive from any person a less sum than was due. We cannot make a new contract for the parties, and by the existing contract $200.00 was not the sum agreed to be paid. It is argued that the surety is prejudiced by the refusal of the creditor to receive a part of the debt. True, it may be a cause of loss to him hereafter. If the creditor had been willing to receive a part, the eventual liability of the surety would have been diminished in proportion. But he cannot say that his rights have been injured. He can ask no more than that the contract shall be enforced, and the present one cannot be varied without the assent of all parties interested.

In the second place, when the plaintiff declined to receive the $200.00, saying that he had no use for it then, but that he had a payment to make in about six months, when he would take it, he did not make such a contract to give time to the principal as would discharge the surety, for two reasons. Supposing, for the present, that an agreement of some kind, for delay, was made, it was not founded upon a sufficient consideration to bind the parties to it. An agreement to pay interest may be a sufficient consideration for a contract to delay, if the interest be secured to the creditor for any specified time. But a mere promise by the creditor to wait a certain time, without any other promise by the principal to pay interest than that contained in the note, and without any other consideration, will not constitute a binding agreement to delay. *Bailey* vs. *Adams*, 10 *N. H. Rep.* 162. The case before us, supposing any agreement was made, would be comprehended within this principle.

Another reason why the surety is not discharged, is that no contract for delay was in fact made. When the creditor declined to receive the $200.00, he said that he had a payment to make in about six months, when he would take it. That is, he was unwilling to receive a part of the debt then, but in six months, if the note should then remain unpaid, he would receive a part of it. Now this is not a contract that

he would give time to the principal for a single day.   He might have commenced a suit upon the note at its maturity, without a violation of anything he had said.   But he permitted the note to remain unpaid for six months, and then accepted $30.00 in part payment.   Of this the surety has no reason to complain.   If he feared the insolvency of the principal, he might have paid the debt when it became due, and taken his remedy against him.   *Odlin* vs. *Greenleaf*, 3 *N. H. Rep.* 270.   But we have held that mere delay by the payee to procure payment from the principal, until all remedy by the surety is lost, will not discharge the surety, even though he request the payee to call upon the principal. *Townsend* vs. *Riddle*, 2 *N. H. Rep.* 448; *Davis* vs. *Huggins*, 3 *N. H. Rep.* 231; *Mahurin* vs. *Pearson*, 8 *N. H. Rep.* 539.

*Judgment on the verdict.*