## BARTLETT vs. TREFETHEN.

When a case is committed to an auditor, his sole duty is to state the account between the parties, and make report to the court.

If the report include other matters than a statement of the account, it will not be competent evidence to be submitted to the jury.

In such case it is the practice, upon motion, to recommit the report, with instructions to the auditor to strike out the extraneous matter.

If this be not done, and the report be submitted to the jury as evidence, the verdict will be set aside.

The report stands upon the same ground with a deposition, which is not to be delivered to the jury when any part of it has been erased as incompetent for their consideration.

Where evidence of facts is laid before the auditor raising questions of law, and by the assent of the parties the auditor submits the questions to the court for consideration, the court regard the case as an agreed statement of facts, and will examine and adjudge upon it accordingly.

ASSUMPSIT, on an account annexed to the writ, and for goods sold and delivered. Plea, the general issue.

The case was committed to an auditor who reported that all the charges in the plaintiff's specification were proved, amounting to the sum of $54.62. In relation to seven of the items included in the specification, and amounting to the sum of $13.45, the auditor stated the reasons given by the defendant, who was examined before him, why these charges should not be allowed, and stated also his testimony concerning them. The auditor then reported that if these reasons were valid, the sums in question should be disallowed.

As to the residue of the plaintiff's account amounting to the sum of $39.17, the auditor reported the testimony of the plaintiff and that of the defendant, and stated that if the plaintiff's testimony were true, the residue of his account should be allowed. He then reported the sum of $57.09, including interest, as due the plaintiff, subject to the conditions above mentioned.

At the trial of the case before the jury, no evidence was

offered on either side except the report of the auditor. In order to raise such questions as might be presented by the report, the court instructed the jury that the auditor, having reported that all the charges contained in the plaintiff's specification were proved, amounting to the sum of $54.62, they were not to make any deduction from that sum on account of any other facts stated in the report.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, on account of the instructions of the court.

*Emery*, for the plaintiff. We admit that it is the duty of the auditor to report *facts* to the court, and not merely to report the evidence. But in this case he has reported that the charges in the specification are proved, and by this statement he has adopted the specification as the basis of his report. He has made his report as conclusive against the defendant as if he had stated each charge in the specification separately, and that each was proved. That he has included in his report matters which might have been omitted, is not objectionable, because those matters may all be rejected, being easily separable from the others, and may be considered as surplusage.

*Claggett*, for the defendant.

GILCHRIST, J. The first section of chapter 189 of the Revised Statutes enacts that in certain cases the court may appoint one or more auditors "to state the account between the parties, and make report to the court." The fifth section provides that the report shall be given in evidence to the jury. Whether the report be of such a character that it may legally be given in evidence, is, of course, a question of law to be determined by the court.

The statutory duty of the auditor is simply to state the account between the parties, and this requires the auditor to

Bartlett *v.* Trefethen.

determine how much of the respective accounts he considers to be proved upon the evidence submitted to him. His course is plain and his duty is easy, except where from the complicated character of the evidence it may be difficult to determine what charges are or are not proved. But in addition to this, a practice has grown up, to which we see no objection, of laying before the auditor evidence of facts which raise questions of law. Where both parties assent to this, and the auditor submits the questions of law for the consideration of the court, we have regarded the case as a statement of facts agreed to by the parties, and have considered and adjudged upon it accordingly. But beyond this, matters not pertaining to the duty of the auditor have been considered to be out of their proper place when found in his report. And it is often the case that upon motion a report is re-committed to the auditor, with instructions to him to strike out from it the extraneous matter, leaving only a statement of the account. While any statements of facts or conclusions remain in the report, which are not properly within the province of the auditor, it is very obvious that the report is not legally an instrument of evidence, particularly where those statements may have an unfavorable bearing upon the case of either of the parties. This is the foundation of our rule of practice, that a deposition shall not be delivered to the jury from which any part has been erased as incompetent for their consideration, however carefully they may have been enjoined by the court to disregard the incompetent matter.

In the present case the auditor has reported that the plaintiff's charges were all proved. He has stated in addition the defendant's objections to the charges, and the plaintiff's answers to these objections. He has in this gone beyond his duty. These matters are improperly in his report, and so long as they are in that form are improper for the consideration of the jury. What weight they had with the jury we cannot determine. Perhaps they had none, and perhaps the jury came more readily to a conclusion in favor of the plain-

Bartlett *v.* Trefethen.

tiff than they otherwise would have done ; and perhaps the arguments of the defendant's counsel might have convinced them that the auditor must have been deceived or mistaken, if the objectionable matters had not been there. However this may have been, the party's case might have appeared better before the jury without the parts excepted to. It is enough that the report was not a legally competent instrument of evidence, and should not have been submitted to the jury. For this cause the verdict must be set aside, and there must be a

*New trial.*