<em>New trial granted.</em>

## HOYT *v.* FRENCH & *a.*

If, on the return of the report of an auditor, it appears that the case was an improper one to be submitted, or that incompetent evidence has been received, or that an informal and illegal report has been made, the proper practice is to move to recommit or reject the report, according to the nature of the objections. Where, however, no motion to recommit or reject is made, but the report is submitted to the court upon questions of law raised on the evidence reported by the auditor, the court will proceed to pass upon the report in the same manner as though the facts presented were an agreed case.

It is the general practice in this State for auditors to receive the testimony of either party to the suit; and the court will not interfere with a report because one of the parties has testified, unless it is perfectly clear that injustice has been done.

A parol agreement, made at the time of the execution of a written contract, by which the terms of the contract are changed, cannot be given in evidence by the parties thereto to change the contract. And where the payee of a promissory note agreed at the time it was signed that the first money that was paid

to him by the principal on the note should be applied thereon—*held*, that evidence of such an agreement, and that the money was not applied in accordance with it, was incompetent to change the terms of the note and discharge the surety.

An agreement for delay in the payment of a note, made between the payee and principal, must, in order to discharge the surety, be such as binds both debtor and creditor. And where the payee held two notes against the principal, and the latter, on paying money to the payee, requested it to be indorsed on the note now in suit, but the payee said, "pay this note and let the other (the one now in suit) run"—*held*, that the evidence was incompetent as tending to show any contract for delay.

ASSUMPSIT, on a promissory note signed by the defendants, and payable to the plaintiff, or order, on demand, with interest.

The case was committed to an auditor, who reported that he found due from the defendants to the plaintiff the sum of two hundred and forty-eight dollars, being the amount of the note and interest.

The auditor further reported that upon the hearing, Moses French, one of the defendants and the surety on the note, testified that at the time he signed the note, April 22, 1848, it was agreed between the parties that the first money his brother Amos French, the other defendant, paid to the plaintiff should be applied on the said note; that the June following was mentioned as the time when Amos would probably have the money; at any rate, the note was not to run over a year.

That it appeared, however, from the evidence that on the 17th of April, 1849, Amos French paid and endorsed sixty-two dollars and fifty-five cents on another note for $300, which the plaintiff held against him alone, and that the balance of said three hundred dollar note, with the exception of fifty-three dollars, included in a new note, was paid by Amos French in money and by balances of book account, himself against the plaintiff, prior to the commencement of this action.

That there was also evidence tending to show a subsequent admission of the plaintiff that the agreement was, that the note for $200 should be paid first; and that at the time the first payment was made on the three hundred dollar note, the plaintiff,

in reply to a remark of Amos French that the agreement was that the two hundred dollar note should be paid first, said, pay this note (the three hundred dollar one) and let the other run.

The auditor further reported that upon this evidence the defendants contended:

1st. That Moses French was discharged by the neglect of the plaintiff to apply the first payments on the note for two hundred dollars, being the one in suit; and,

2d. That Moses French, being a surety on the note, was discharged by the agreement to delay payment.

The plaintiff objected before the auditor to the use of Moses French as a witness.

The auditor then stated, as the result of the questions raised, that if the court should be of opinion that the evidence stated was competent to bind the plaintiff to apply the first payments made by Amos French to the note in suit, then *Moses* French was not indebted to the plaintiff on the note declared on, but there was due from Amos to the plaintiff the sum of two hundred and forty-eight dollars.

The questions of law presented by the auditor were transferred to this court for their determination.

*E. Blaisdell,* for the plaintiff. We had supposed that this was not a proper case for an auditor, and the report shows it. The report itself is, moreover, irregular. It is not such as could go to a jury. It finds evidence and not conclusions. This is illegal, as a party could thereby get evidence before a jury instead of results. The report should be recommitted, with instructions to the auditor to strike out all of the evidence and.state the conclusions only. *Merrill* v. *Russell,* 12 N. H. Rep. 74; *Brewster* v. *Edgerly,* 13 N. H. Rep. 275; *Bartlett* v. *Trefethen,* 14 N. H. Rep. 427.

2. We contend that Moses French was improperly admitted to testify to the points for which his evidence was received. His evidence went solely to his own discharge.

3. The testimony of Moses French went to change the char-

acter of the note, and no testimony can be received to change the nature or condition of a contract declared on.

*Kittredge,* with whom was *Westgate,* for the defendants. The question as to the propriety of the reference to an auditor, is not now before the court. That question was settled by the common pleas in their discretion. The questions now before the court arise upon the report itself.

There was nothing unusual or illegal in permitting Moses French to testify. He was a party, and both parties were sworn before the auditor, as the statute permits.

Moses French's evidence being properly admitted, it shows that the plaintiff cannot recover against him. The agreement made was an independent one for the application of the payments made. It was no part of the note, and it does not in any way change the character of the agreement, or contract, or note. If it went to change the contract, we should not contend that it could be received. 4 Vermont Rep. 455.

Here too was an agreement made between Amos French and the plaintiff to delay the payment of the note, which discharges Moses, the surety. Both of the questions raised on the report are settled in our favor by the authority of *McQuesten* v. *Noyes & a.,* 6 N. H. Rep. 19.

EASTMAN, J. If, on the return of the report of an auditor, it appears that the case was an improper one to be submitted, or that incompetent evidence has been received, or that an informal and illegal report has been made, the proper practice is to move to recommit or reject the report, according to the nature of the objections. A case improperly referred to an auditor, or a report illegally made, cannot go to the jury for their consideration. *Brewster* v. *Edgerly,* 13 N. H. Rep. 275 ; *Bartlett* v. *Trefethen,* 14 N. H. Rep. 427. But these questions are not now before us. The question for our decision is, whether the plaintiff, upon the facts presented in the report, can have judgment against Moses French ; and although the preliminary

questions might have been raised in the court below, and transferred to this court, if necessary, for our determination, yet, inasmuch as they have not been sent here, we shall not consider them. For aught that appears, they may have been raised and decided in the court below, and no exception taken to the decision; or they may have been waived there. Besides, where questions of law are raised by an auditor, and submitted to the court for consideration upon the evidence of facts reported, and this course is not objected to by the parties, the court will regard the case as an agreed statement of facts, and will examine and adjudge upon it accordingly. *Bartlett* v. *Trefethen*, 14 N. H. Rep. 427.

It was within the discretion of the auditor to admit Moses French as a witness. An auditor may receive the testimony of either party to the suit. *Stevens* v. *Hall*, 6 N. H. Rep. 508; *Mann* v. *Locke & a.*, 11 N. H. Rep. 246. Such is the general practice; but if it should appear that injustice had been done by the admission of the party to testify, the court could order the report recommitted. One of the parties to a suit might be an administrator or executor, and to admit the opposite party to testify to facts which were known only to himself and the deceased, might in some instances do much injustice. But where the parties are both living, as in this case, and both can testify to the matters in controversy, we can see no good reason for interfering with the ordinary rule.

The evidence tending to show a contract to apply the first money paid by Amos French to the payment of the note in suit, was incompetent. The contract, if any, was contemporaneous with the signing of the note, and its effect was to control, by parol evidence, the terms of the note. The evidence tends to show that the note was not to be paid according to its tenor, but out of certain funds; and that the plaintiff was compelled to apply the first money that came to his hands from the defendant, Amos French, to the payment of this note. Moses French testifies that at the time he signed the note, this agreement was entered into, and he now contends that the failure to keep the

agreement discharges him from his liability on the note. But the principle is well settled that, where a contract in writing is executed, any parol agreement made at the time, varying the terms of the contract, cannot be shown by the parties thereto to change the contract. This agreement was made at the time the note was executed; it varies the terms of the contract, and the evidence to show it was inadmissible.

Another question raised by the report, is, whether there was such an agreement to give day of payment to Amos French as would discharge Moses, the surety. An agreement to extend the time for the payment of a note must be upon some consideration, and for a specified time, otherwise the surety will not be discharged. The mere declaration by the creditor that the matter may rest, or that he will not insist upon immediate payment, or any other similar declaration, even specifying a time, does not constitute a binding agreement for delay. Notwithstanding a transaction of that character, the debtor may pay, and the creditor may collect, at any time. *Fowler* v. *Brooks*, 13 N. H. Rep. 240; *Bailey* v. *Adams*, 10 N. H. Rep. 162. The conclusion arrived at in *McQuèsten* v. *Noyes*, 6 N. H. Rep. 19, is not so satisfactory as we could wish; and were that precise question now before us, we are not prepared to say that we should arrive at the same result. The agreement for delay must be upon some consideration, and it must be such as binds both debtor and creditor. But in this case there is no consideration specified nor any time fixed; no agreement made; nothing that shows the principal or surety might not at any time pay the note, or the creditor collect it. The evidence is entirely too loose to show any contract for delay. Both of the defendants are liable for the amount of the note, and there must be judgment accordingly.

*Judgment on the report against both defendants.*