ALBANY,
January, 1819.

ANDERSON
v.
HIGHLAND
TURNPIKE Co.

ANDERSON *against* THE PRESIDENT, DIRECTORS, AND COM-
PANY OF THE HIGHLAND TURNPIKE.

*An agreement
to accept a col-
lateral thing,
in satisfaction
of a pre-exist-
ing debt, is ex-
ecuted by a
delivery to a
person appoint-
ed by the par-
ty to receive
it, and is a
good accord
and satisfac-
tion.
An act done
by, or to the a-
gent of a par-
ty, of a matter
resting in pais,
is equivalent
to its being
done by, or to
the principal.*

THIS was an action of *assumpsit* for work and labour,
and materials provided by the plaintiff. The cause was re-
ferred by a rule of court; and the referees, on the 21st
of *November*, 1817, reported a balance of 13 dollars and
12 cents, due from the defendants to the plaintiff. The
plaintiff moved to set aside the report upon the merits.

The affidavit of the plaintiff, on which the motion was
founded, stated, that on the hearing before the referees, he
proved his account, amounting to 1,123 dollars, and 62
cents, consisting in part, of a balance due him for building
a bridge, and the residue for repairs on sundry bridges of
the defendants; that the defendants, in bar of the plaintiff's
claim, produced witnesses to prove, that he had agreed with
the defendants, to receive certificates of their stock, in full
of his demand, and was to call at the office of *G. Brinck-
erhoff*, and get the stock of him; that the certificates
were left with *G. B.*, of which the plaintiff was inform-
ed, and that he called several times on *G. B.*, but could
not find him in; and that the referees, on the hearing,
set off the certificates of stock, valued at par, against
the plaintiff's debt. The plaintiff denied, that any stock
was in fact transferred to him; but, on the contrary, that
certain stock was transferred to *James Anderson*, where-
as, the plaintiff's name was *John*; and he alleged, that he
was induced to accept stock in payment, by a promise, that
he should be employed to erect a certain bridge, which the
defendants contemplated building, and for which they af-
terwards employed another person. He denied that he had
ever been informed that any stock was left for him with
*G. B.*, or that he had promised to call and get it.

The affidavit of *Joseph Howland*, formerly president of
the *Highland Turnpike Company*, was read on the part of
the defendants. He stated an express agreement on the
part of the plaintiff, to accept the stock in payment, and
that he promised to call the next day at the office of *G.*

*B.* to receive the same, and that the certificates were accordingly made out, and left with *G. B.* He positively denied, that any promise was made to the plaintiff, to induce him to agree to this mode of settlement. He further stated, that there was a mistake in the certificates, in the insertion of *James* instead of *John*, but that it was not discovered by the defendants, until after the referees had made up their report, and the certificates had been delivered to the plaintiff; that as soon thereafter as was practicable, a meeting of the directors was held, who ordered the mistake to be rectified, and new certificates to be issued, and that new certificates were issued, and handed to *G. B.* to be exchanged for the old ones. By the resolution of the directors it appeared, that the new certificates were to bear the same date, and to correspond with the former in all respects, except in the christian name of the plaintiff. An affidavit of Mr. *Brinckerhoff* was also read, in which he stated, that he tendered the new certificates to the plaintiff's attorney, who declined accepting them.

*M. S. Wilkins,* for the plaintiff. He cited *Laws on Plead.* 484. 9 *Co.* 30. 5 *Mod.* 87. 3 *Term Rep.* 24. 2 *Johns. Rep.* 450. 5 *Johns. Rep.* 386.

*G. Brinckerhoff,* contra. He cited 4 *Term Rep.* 589. 1 *Bos. & Pull.* 90. 173. 2 *Tidd's Pr.* 811.

SPENCER, J. delivered the opinion of the Court. The plaintiff moves to set aside the report of the referees, on the ground, that they have decided that the plaintiff had been paid, (except about 13 dollars,) the amount of his account, by the transfer to him, by the defendants, of forty-five shares of stock in the *Highland Turnpike Company.* It is contended, that the referees erred, in considering the shares a payment: 1. Because, though there was proof of an agreement by the plaintiff to accept stock as payment of his account, yet the agreement was never executed by a tender of the stock by the defendants, or the acceptance thereof by the plaintiff; 2. That it has been discovered since the

*Margin note:*
ALBANY,
January, 1819.

ANDERSON
v.
HIGHLAND
TURNPIKE Co.

ALBANY,
January, 1819.

ANDERSON
v.
HIGHLAND
TURNPIKE Co.

reference, that no stock had ever been transferred to the plaintiff, the transfer having been made to *James Anderson.*

The proof is very decisive, that it was agreed between the parties, that the plaintiff's demand should be settled, by giving him the stock of the company for the amount of his account. It is equally clear, that the plaintiff agreed to accept the stock, in satisfaction of his account, and that he promised to call the next day at the office of Mr. *Brinckerhoof*, with whom the stock was agreed to be left, to receive the same. That directions were given, and certificates accordingly made out; and, as was always supposed, until recently, in the name of the plaintiff, and left with Mr. *Brinckerhoof*, to be delivered to the plaintiff. That the mistake in inserting the name of *James* instead of *John*, in the certificates, was never discovered until since the report, and that immediately thereafter, the mistake was rectified, and the new stock tendered.

The mistake in the christian name of the plaintiff in the certificates of stock, cannot be considered as altering the question between the parties. That it was a mere unintentional mistake, is evident, and the plaintiff can suffer no prejudice by it, as the stock has been tendered to him, according to the original intention of the parties. It was his own fault that he did not receive it; but he can coerce its delivery, if the report be confirmed. The only question, then, is, whether the agreement to accept stock, and that certificates should be made out and left with Mr. *Brinckerhoof* for the plaintiff, and the performance by the defendants of their part of the agreement, is binding on the plaintiff, as an *accord and satisfaction* of his demand. If Mr. *Brinckerhoof* is to be regarded as the plaintiff's agent for the purpose of receiving the stock, then, in judgment of law, his receiving it is a receipt by the plaintiff.

An accord, not executed, is no bar to the pre-existing demand, but if executed, by delivering a collateral thing which is agreed to be accepted as satisfaction, it is a bar. (5 *Johns. Rep.* 386. 3 *Johns. Cas.* 243.) In the case of *Bird, Savage, and others*, v. *Caritat*, (2 *Johns. Rep.* 345.) this Court decided, that a plea of accord and satisfaction, which stated the delivery of the negotiable note of a third

person, to one *F. C.*, for and on behalf of the plaintiff, without showing that *F. C.* was the plaintiff's agent for that purpose, was bad. This case furnishes the strongest implication, that the plea would have been. good, had it been stated that *F. C.* was the plaintiff's agent for that purpose. Upon general principles, it does not admit of a doubt, that an act done by or to the agent of a party, of a matter resting in *pais*, is equivalent to its being done by or to the principal. The facts establish, that Mr. *Brinckerhoof* was, by the agreement of both parties, the depositary of the certificates ; his receipt of them, was the receipt of the plaintiff.