## LATHAM *vs.* KENNISTON.

In an action upon a promissory note instituted against two persons as partners, one of them, upon whom the writ was not served, and who signed his own name, and that of the other to the note as partners, is not a competent witness for the plaintiff, to prove the existence of a partnership between himself and the defendant.

In such case a judgment against the defendant would, in an action by him against the witness to recover the money paid by the defendant, be *primâ facie* evidence for the witness, of the existence of a partnership between him and the defendant.

The interest which a witness has that a judgment should be rendered against his alleged copartner alone, and that the whole amount of a debt for which the witness admits himself liable, should be paid by the copartner, renders him incompetent for the plaintiff to prove a partnership between himself and the defendant.

ASSUMPSIT, upon several promissory notes and orders signed " Colby & Kenniston."

At the trial upon the general issue, the only question was whether Kenniston were in partnership with Colby at the dates of the instruments declared on.

It appeared in evidence, that Colby lived at Boston, and Kenniston at Campton, in this state, and that the signatures to the notes and orders were in the hand writing of Colby.

The writ was not served upon Colby, and the plaintiff offered in evidence his deposition, in which he deposed that he signed the partnership name to the instruments, as a partner with Kenniston ; that the partnership commenced before the date of any of the instruments, and that they were all executed during its continuance, for the benefit of the firm.

The evidence was rejected by the court, as incompetent ; and a verdict was thereupon taken, by consent, for the dedefendant, subject to the opinion of the court upon the ruling.

*Perley,* and *Wm. C. Thompson,* for the plaintiff.

*Quincy,* for the defendant.

GILCHRIST, J.   Upon the question presented by this case,

there are contradictory decisions, made by tribunals of very high authority. The doctrine of the English court of King's Bench would permit the partner in this case to testify; while the court of Common Pleas in England, and some tribunals in this country, would exclude him. In the case of *Blackett* vs. *Wier*, 5 *B. & Cr.* 385, which was assumpsit for goods sold to a steam yacht company, a witness, called to prove that the defendant had a share in the concern, admitted that he himself was jointly liable and a partner. Abbott, C. J., said that the witness had an interest to defeat the plaintiff; for if the plaintiff should recover, the defendant would be entitled to contribution from the witness. Bayley, J., said that the only difficulty arose from his proving a partnership with the defendant, but his testimony would not prove that in any other action. The witness was admitted. A decision, similar in principle, was made in the subsequent case of *Hall* vs. *Curzon*, 9 *B. & C.* 646. And the case of *York* vs. *Blott*, 5 *M. & S.* 74, decides, upon the authority of *Lockhart* vs. *Graham*, *Strange* 35, that one joint maker of a promissory note is a competent witness to prove the signature of the other.

On the other hand, the case of *Brown* vs. *Brown*, 4 *Taunt.* 752, decides, that in an action on a joint contract against two, one who has suffered judgment by default is not admissible as a witness against the other, to prove that he joined in the contract; because, if the plaintiff should recover, the witness would obtain, by means of his own testimony, contribution against the other. *Mant* vs. *Mainwaring*, 8 *Taunt.* 139, is decided on the authority of *Brown* vs. *Brown*, and recognizes the same principle. In *Ripley* vs. *Thompson*, 12 *Moore* 55, a partner with the defendants was held to be an incompetent witness for the plaintiff; because, if he were permitted to prove that others were liable with him, his evidence would tend to exonerate him from paying a portion of the debt.

In *Gibbs* vs. *Bryant*, 1 *Pick.* 118, the action was against

James and Thomas Bryant. No service was made upon Thomas Bryant, and he was offered as a witness for the defendant. It is said by the court, " he is no party to the suit, because the writ was not served upon him. His being a party to the contract is of no consequence, if he is not interested in the event of the suit. If the plaintiff recovered against his partner, it would be a bar to an action against him ; because, there being a joint contract, his partner could not be sued again, neither could he be sued alone. He was interested only because he was liable to a contribution to his partner." If his liability to contribute made him an interested witness, there would seem to be some force in the decisions of the English C. C. Pleas, that the witness is incompetent for the plaintiff, because he is interested to increase the number of those who are liable to contribute, and thus diminish the sum which otherwise he would be called upon to pay. In the case of the *Col. Man. Co.* vs. *Dutch,* 13 *Pick.* 125, there were two defendants, of whom Dutch was defaulted, and was offered as a witness by the plaintiffs. Shaw, C. J., says that by defeating this action the witness " lays the foundation for another action against himself, in which he must be solely charged with the whole debt ; whereas, if he testifies against the defendant and in favor of the plaintiffs, he fixes the other defendant as equally liable with himself for the debt ; equally liable for the whole, in the first instance, and ultimately liable, *prima facie,* to contribution." The learned judge then refers to *Brown* vs. *Brown,* and *Mant* vs. *Mainwaring,* as recognizing this principle, and adds : " there appearing to be a plain interest in the witness to charge the other defendant with a proportion of the debt, and no apparent interest to counterbalance it, it appears to us that he had a preponderance of interest to testify in favor of the party calling him, and was of course incompetent."

In the case of *Marquand* vs. *Webb,* 16 *Johns.* 88, which was an action for repairs done to a vessel against one part

owner, it was held that another part owner was not an admissible witness for the plaintiff, to prove the ownership of the defendant ; for, although he would be liable as owner to the plaintiff in case he failed ; or, if he succeeded, would be answerable to the defendant for contribution, yet that he had an interest by charging the defendant, (a verdict against whom would be evidence of his joint ownership,) to increase the number of owners, and thus diminish the amount of contribution he would otherwise be obliged to sustain. We do not understand the subsequent case of *Gregory* vs. *Dodge,* 14 *Wend.* 593, in the court of errors, as intended to overrule *Marquand* vs. *Webb ;* for, although a majority of the court of errors *voted* that the witness in Gregory *vs.* Dodge was incompetent, the *reasons* given by Mr. Justice Nelson and Mr. Senator Tracy do not allude to any unsoundness in the doctrine of Marquand *vs.* Webb, and the question was decided upon " a show of hands." In the two opinions to which reference has been made, the cases upon the question are examined at considerable length. To the cases already cited might be added many others, both from the English and American reports ; but enough have been referred to, to show the different opinions that have been entertained.

Upon a consideration of the principle applicable to the question, the judgment of the court is, that the ruling in the common pleas, excluding the deposition of Colby in this case, was correct. The law considers a witness as being interested, " if there be a certain benefit or disadvantage to him attending the consequences of the cause one way." *Gilb. Ev.* 106, 107. And this benefit " may arise to the witness in two cases ; first, where he has a direct and immediate benefit from the event of the suit itself ; and, secondly, where he may avail himself of the benefit of the verdict in support of his claim in a future action." Tindal, C. J., in *Doe* vs. *Tyler,* 6 *Bingh.* 394 ; *Bent* vs. *Baker,* 3 *T. R.* 27 ; *Smith* vs. *Prager,* 7 *T. R.* 62 ; *Rex* vs. *Boston,* 4 *East* 581. It is to be remarked that Colby's testimony proves

himself to be solely liable for the whole debt, unless Kenniston could be held as a partner. Which would be the better course for the interest of Colby ; that the plaintiff should recover judgment against Kenniston alone, for the whole debt, and thereby be enabled to procure satisfaction of the judgment from Kenniston alone, which would relieve Colby from all liability to the plaintiff ; or remain liable himself to the plaintiff for the whole debt ? A verdict and judgment against the defendant make him liable in the first instance for a debt for which the witness is liable, either alone or as a partner. Here is a certain benefit, then, to Colby ; for although the judgment would not be evidence of Colby's liability, because he was not summoned, it would be evidence that Kenniston had been charged in his capacity as a partner with him for the debt. If such a state of facts could exist that Kenniston, in a suit against Colby to recover the amount paid on the judgment, could prove his case without using the judgment against him in evidence in support of his action, it is difficult to see why Colby might not use it for the purpose of showing that he was liable only for one half of the debt, because the recovery had been had against Kenniston as a partner. This would seem to be *prima facie* evidence that the claim, which was founded upon the payment under the judgment, should be limited to half of the amount. Taking it for granted that the judgment was not conclusive and was no estoppel, because Colby was not a party to it, still, might it not properly be used to show on what ground the recovery was had, and to put the burthen of proof on Kenniston, should he attempt to sustain his action for more than one half of the sum paid ? But it is not easy to perceive how Kenniston could proceed with a suit to recover of Colby the sum paid, without using the judgment ; and in that case Colby must certainly have the benefit of it as *prima facie* evidence against Kenniston, that the latter was a partner ; the very recovery upon which Kenniston would rely having been against him as a partner.

The ground upon which this judgment is pronounced, is, that a recovery against Kenniston alone for the whole debt would be a certain benefit to the witness, for the reasons above given, although we are aware of the recent case of *Benedict* vs. *Hecox*, 18 *Wendell*, 491, where Nelson, C. J., regards such a benefit as not amounting to that legal certainty which is required by law in order to cause a disqualification; and the suggestions we have made, of the various modes in which the judgment might be available, are to be considered only as matters of inquiry, whether, in cases that might arise, the judgment might not be made use of by Colby in evidence.

PARKER, C. J.   It appears in this case that Colby is liable for the payment of the whole debt, either alone, or as a partner.   This is clear from his own testimony.

Although named in the writ, he has not been served with process, and is not therefore a party to the action, which proceeds without him.   2 *Peters' S. C. R.* 186, *Le Roy* vs. *Johnson.*

He will not gain or lose directly by the event of the suit.

If he is excluded as a witness, it must be because a verdict and judgment in this case against the defendant would be evidence for him in another suit, in which either the defendant or himself may seek contribution from the other.

In case of a recovery against the defendant, Colby may be liable to contribute to the costs of the action, and thus far has an interest in favor of the defendant.

If the action fail, Colby stands liable for the amount of the debt; and when he has paid it may recover a proportion of any one who ought to contribute.

The failure on the part of the plaintiff to establish the liability of the defendant in this suit would not exonerate the latter in a suit by Colby for contribution, because Colby would not be estopped by the judgment from showing in another suit that the defendant was in fact a partner.

If this suit proceed to judgment against the defendant, another action may, notwithstanding, be sustained by the plaintiff against Colby, before satisfaction, to recover the amount—the cause of action being severed by the failure to make a service on Colby, he being out of the jurisdiction of this court. 9 *N. H. R.* 259, *Olcott* vs. *Little.* And he may in such case seek a contribution from the defendant.

On the other hand, the defendant, if he should be charged, and pay the debt, may seek to maintain a suit against Colby, founded on the judgment and payment, to recover either the whole or a part of the amount he has thus paid.

The question, then, is whether a judgment in favor of the plaintiff in this suit, establishing, as between the plaintiff and defendant, the liability of the latter as a partner with Colby, will be evidence for Colby in any such subsequent action.

It would seem, at first view, that if, after a judgment against the defendant in this suit, the plaintiff, before satisfaction, should recover against Colby and collect the amount of him, the judgment in this case would not be even *prima facie* evidence for Colby, in an action brought by him to recover contribution from the defendant as a partner; because Colby is not a party to the suit. But upon further consideration this is not quite clear; for if, in case the money should be collected of the defendant under the judgment, he could use it against Colby to enforce contribution, Colby, in case he was obliged to pay the money, might perhaps use it against the defendant for the same purpose; and to a certain extent there seems to be no doubt that the defendant might use the judgment in evidence against Colby. Should he, on a judgment against him, pay the money and bring a suit against Colby to recover his proportion, the judgment would be the very evidence to show the fact of its recovery against the defendant, and the grounds of that recovery, viz: that it was against him as a partner of Colby, and thus to lay the foundation for a contribution. And in the absence of some

admission by Colby, or other unusual evidence, it would be a necessary piece of evidence to sustain a recovery. Whether the defendant, in an action by him against Colby, would not be bound to go farther in the first instance, and to prove the actual existence of the partnership, either by evidence that Colby had admitted the fact, or by testimony that he signed the note with the name of Colby & Kenniston, or by some other evidence to establish that fact, may admit of a question. If he would be obliged to introduce such evidence, and could not rely upon the judgment against himself as *prima facie* evidence against Colby, to establish the partnership, then it would seem that Colby, in case of a recovery against him in another suit, and a payment of the money by him, could not use a judgment in this case against the defendant to establish the fact that the defendant was a partner ; and it could not in such case be used by Colby to establish any thing else, because the fact that it had been rendered against the defendant as a partner would not, in an action by Colby, be otherwise of any importance.

But this case does not depend upon the question whether Colby in an action by him could use the judgment against the defendant, to show the defendant a partner.

There is another view of the matter, which shows that Colby has an interest in charging the defendant ; because a judgment against the defendant would, in an action by the defendant against Colby, to recover the amount he had paid, be *prima facie* evidence for Colby, to establish the fact of the partnership against the defendant.

The reasons given in the English cases for the different decisions in the courts of King's Bench and the Common Pleas upon this subject, have been somewhat more various than the decisions themselves.

I do not propose to go into any extended examination of the cases, which have been already sufficiently stated by my brother Gilchrist, but merely to advert to what is said in two or three of them which have a more immediate bearing upon the point last suggested.

In *Ripley* vs. *Thompson and two others*, 12 *Moore* 55, it appeared· that one Gray had purchased certain horses of the plaintiff and given notes for them, which were dishonored, and he afterwards became insolvent. The action was brought against the defendants, who were partners among themselves, to charge them with the price of the horses.

Several witnesses were called to prove that Gray, who was a horse dealer, had been set up by the defendants, and was in fact in partnership with them, and that they took his stock at the time of his becoming insolvent. And it was then proposed to call Gray, on the part of the plaintiff, for the purpose of showing that the defendants were to provide money to purchase the horses, and that he was to be allowed a weekly salary out of the profits; but he was rejected as inadmissible.

Mr. Sergeant Wilde, in arguing against this ruling, said: " the only instance in which the record could be evidence for him would be in case of an action against him for contribution"; clearly showing a supposition on the part of the learned counsel that it might be evidence for him in that case.

In the course of his opinion Chief Justice Best remarked: " *Prima facie,* Gray was the principal; the contract was with him, and if he were allowed to prove that others were jointly liable with him, his evidence would tend to exonerate himself from paying three fourths of the debt, and throw that burthen upon the defendants;" and added that he could not distinguish the case from that of *McBraine* vs. *Fortune*, 3 *Camp.* 314, from which Mr. Justice Park proceeded to quote, to show that if the action succeeded, the verdict would be evidence for the witness in an action against himself, to which he was *prima facie* liable.

And in *Marquand* vs. *Webb*, 16 *Johns. R.* 93, where the question was whether the defendant was part owner of a vessel, and so liable for repairs; and another part owner offered to prove the fact, was rejected, Mr. Justice Spencer went still further, and said: " It is true, the witness was lia-

ble to contribution, but the defendant could never controvert, afterwards, with the witness, in case he sued him for contribution, that he was not a part owner of the vessel.    He could not take the ground that a verdict had been recovered against him, by the present plaintiffs, wrongfully.    The very basis of a suit to be brought by him for contribution, must be that he was a part owner."

But in *Blackett* vs. *Weir*, 5 *Barn. & Cres.* 385, where, in assumpsit for goods sold, a witness, called by the plaintiff to prove the defendant's liability, having testified on the *voire dire* that he himself was jointly liable, was nevertheless admitted.    Mr. Justice Bayley said :  " The only difficulty arises from his proving a partnership with the defendant ; but his testimony would not prove that in any other action ; and if the defendant can hereafter make out that he was not a partner, I think that he may, perhaps at law, and certainly in equity, recover from the witness all that he is compelled to pay in this action."    And Mr. Justice Holroyd added :  " It appears to me that the defendant would have a right to recover from the witness, in an action at law for money paid to his use, the whole sum recovered in this action, if he could show that the witness was originally liable to pay it."

So far as these opinions go in that case, the witness was supposed not to have any interest, because the judgment would not conclusively determine that the defendant was a partner, but that he might, if charged, have an action to recover the whole amount against the witness.

I concur in this part of the opinions of those distinguished jurists, while I must dissent from their conclusions, and agree with the decisions in the Common Pleas.

Estoppels it is said must be mutual ; and Colby, in a suit by the defendant against him, would not be estopped by a judgment against the defendant in this suit, and by the fact that he was named in the writ as a partner, from showing that he was never a partner, and in no way responsible. Were it not for his testimony, clearly showing his own liability, he would be at full liberty to contest it.

Latham *v.* Kenniston.

Besides ; one may be a partner as respects third persons, by permitting his name to be used in the concern, or by having suffered himself to be held out as a partner, but not be liable as between himself and the party who actually contracted the debt, as if it were a partnership debt.   In a case of that character he could not, even if a party to the suit, successfully contest his liability to the creditor, and there would be judgment against him as one of the partners ; but in a suit against him afterwards, by one who had paid the judgment, to recover a proportion, he might show that, as between himself and the party asking contribution, he was not in fact a partner, and so not liable to contribute.   And on the same principle, if the amount of the judgment against both were collected of himself, he might, in a suit against the other, show the truth of the fact, and recover the whole amount.

But the fact that the judgment does not determine, conclusively, the existence of a partnership, as between the parties alleged to be partners, does not settle the question whether the witness is admissible.

In the case just supposed, although the final liability as a partner would not be fixed by the judgment, the record would clearly be evidence to show that the judgment had been rendered against the defendants in the first suit as partners, and the money collected of one of them as such, and it would thus operate *prima facie* to establish that fact ; for the party who alleged that he was only liable as a partner to the creditors, but was not in fact a partner, whether he were plaintiff or defendant in the second suit would be bound to prove affirmatively that he was not a partner.   And he would be bound to prove that fact against the *prima facie* evidence furnished, incidentally, by the judgment, that he was a partner, because of the recovery had against him as such.

If he were himself plaintiff in the second suit, seeking to recover the whole amount which he had been compelled to pay by the judgment, it would certainly not be sufficient for him merely to show the recovery, and the payment of the

money, to establish, *prima facie,* a claim to recover the full amount, and thus put upon the other the burthen of showing that there was a partnership. And not only so, but he must in ordinary cases himself introduce the judgment in evidence, to show that he had been compelled to pay the money which he sought to recover. Thus introduced, it would certainly be evidence in the first instance for the defendant, that the plaintiff was entitled to recover only a contribution. And he would be compelled to rebut the evidence thus offered by himself, by other evidence to show that he was not in truth a partner, and therefore entitled to recover the whole. If a state of facts may be supposed in which he might offer evidence to support his action without using the judgment, the defendant would have the right to introduce it for the purpose of showing that the money sought to be recovered of him had been collected of the plaintiff through a judgment against them as partners, and thus establishing the fact that he was liable to contribution only; and that would put upon the plaintiff the burthen of rebutting that matter, and proving that, notwithstanding the recovery, he was entitled to recover the whole amount.

On the other hand, if the money were collected of the other defendant, who admitted himself to be liable as partner, and he brought the suit to recover contribution, the judgment introduced by him, with evidence of its payment, would be evidence for him and against the other, tending to establish his right to recover a contribution. And it would devolve upon the defendant, who denied any liability, to show that he was not in fact chargeable as a partner, although the judgment so charged him.

The same principle applies, and the same effect must be produced, in a case like the present, notwithstanding Colby is not technically a party to the suit, because the writ has not been served on him. It appears that he signed the note with the name 'Colby & Kenniston.' His liability is not denied. If the defendant is not a partner, Colby is liable for the whole. He has an interest, therefore, that the defendant should be

charged as a partner in this suit, and the amount be collected of him. If that be done, and the defendant brings a suit against him to recover the whole amount, offering the judgment and the evidence of payment in support of his action; upon that evidence he can recover only a contribution and not the whole. The judgment will be *prima facie* evidence for Colby that the money the defendant has paid has been paid by him as a partner; and although the defendant may be permitted to show that he is not so, and seek to recover the whole, he must offer evidence of that fact to rebut the case made by the judgment which he has thus introduced.

Or, if the defendant, having some admission of Colby that he had paid a certain sum on a judgment against him in a matter in which Colby had an interest, should offer that admission without the judgment, and might thus make out a *prima facie* case for a recovery of the whole; Colby might then himself introduce the judgment to show that the recovery was against the defendent as a partner, and that he was therefore liable only to a contribution and not to the whole amount; and it must stand as *prima facie* evidence of that matter, unless the admission itself or some other evidence rebutted it.

Notwithstanding Colby is not a party to it, the judgment is evidence of the fact of its rendition, and how it was rendered; and in a case like the present, these facts furnish, incidentally, evidence which may be used in another suit, tending finally to fix the liability of the defendant, and good against him for that purpose until rebutted.

A judgment against the defendant in this case must proceed upon the ground that he is a partner with Colby *quoad* the plaintiff; and that being established, the presumption of law is, that they are partners *inter se*, at least so far as this demand is concerned. Per Lord Ellenborough, 2 *Camp.* 46, *Peacock* vs. *Peacock ; Chitty on Con.* 233. That presumption may be repelled. (*Ib.*) But the burthen of course would be upon the defendant to repel it.

Colby, therefore, is interested in the record as an instrument of evidence, and his exclusion comes within the common rule.

*Judgment on the verdict.*