## Case No. 14,810.

UNITED STATES v. CLARKE.

[2 Cranch. C. C. 152.] [1]

Circuit Court. District of Columbia. June Term, 1818.

NEW TRIAL—PAPERS TAKEN OUT BY JURY.

If the jury take out the coroner's inquest and depositions, and find the defendant guilty of murder. a new trial will be granted.

Indictment [against Michael Clarke] for murder of defendant's wife.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The jury, when they retired, took out with them the coroner's inquest and depositions, without leave or consent of the prisoner's counsel. and having returned with a verdict, guilty.

THE COURT granted a new trial.

[See Case No. 14,811.]

## Case No. 14,811.

UNITED STATES v. CLARKE.

[2 Cranch, C. C. 158.] [1]

Circuit Court. District of Columbia. Dec. Term, 1818.

INSANITY — DEFENCE TO CRIMINAL PROSECUTION.

[See Case No. 14,810.]

## Case No. 14,812.

UNITED STATES v. CLARKE et al.

[Hempst. 315.] [2]

District Court. D. Arkansas. Dec., 1844.

ACTION OF COVENANT — DEFENCES — ACCORD AND SATISFACTION—UNPERFORMED AGREEMENT.

1. Different defences which may be made in an action of covenant.

2. An accord must be executed before it can amount to satisfaction. An unperformed agreement is not sufficient, and cannot be pleaded in bar.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Samuel H. Hempstead. Esq.]

[This was an action by the United States against Lorenzo N. Clarke, James Pitcher, and Charles P. Bertrand. Heard on a demurrer to pleas.]

S. H. Hempstead, U. S. Dist. Atty.

F. W. Trapnall and John W. Cocke, for defendants.

JOHNSON, District Judge. This action of debt is founded on a contract in writing, under a penalty of twenty thousand dollars, conditioned to perform certain articles of agreement entered into at the same time, namely, the 8th of December, 1837, between Lorenzo N. Clarke and the government, to furnish rations to the Chickasaw Indians. The penal bond, with the conditions thereunder written, and the articles of agreement, constitute but one agreement, upon which the United States have brought their action.

The defence disclosed by the defendants,—seventh, eighth, and ninth pleas, to which the district attorney has demurred,—is a subsequent agreement by the defendant Clarke with the plaintiffs, obligating himself to deliver to the United States rations of beef, corn, and salt, at a specified price, for all the Seminole Indians who should emigrate west during one year after the date of the contract, and stipulating that he should be entitled to a credit of five and a half cents for every ration of subsistence so delivered upon his indebtedness under the contract upon which the present suit is based.

The defendants fail to aver in their pleas that any rations were in fact delivered under the latter contract; but they do allege that this latter agreement was received by the plaintiffs in full satisfaction and discharge of the covenants and stipulations contained in the contract referred to in the declaration. By adverting to the terms and provisions of the latter, it appears manifest that it was not the intention of the parties that it should operate by way of discharge and satisfaction of the obligations incurred by the first agreement, for it provides expressly that for each and every ration delivered by Clarke, he should be entitled to a credit of five and a half cents on the first contract, so that he might liquidate and pay his debt due to the plaintiffs under the same.

The contract set out in the pleas affords intrinsic evidence not to be mistaken, that the parties to it never intended it as a discharge and satisfaction of the previous contract, but, on the contrary, they manifestly intended that the first contract should remain in full force, and only provided that it might be satisfied, paid, and discharged by the delivery of a sufficient number of rations of subsistence. When delivered, they should operate to liquidate and discharge it. That was the object, and nothing beyond it. The averment in the pleas, that the latter contract was received by the plaintiffs in full discharge and satisfaction of the former contract, cannot be regarded, because it is inconsistent with the terms and provisions of the contract itself, as well as the clear intention of the parties. It may be further remarked, that the amount of rations to be furnished by the defendant Clarke is left wholly uncertain and entirely dependent upon the number of Seminole Indians that might emigrate during the year. It rested on that contingency. It seems to me that it can admit of no serious doubt, that a contract thus uncertain and unperformed in any part, cannot be legally pleaded as an accord and satisfaction of a previous liability. 1 Com. Dig. "Accord," b, 3, 201. The pleas are not sufficient in law to bar the action, and the demurrer to them must be sustained. Demurrer sustained.

The seventh and eighth pleas having been amended by leave of the court, the district attorney again demurred, for this, among other causes, that "the pleas did not show that the accord had been executed, without which it could not be a bar to the action."

OPINION OF THE COURT. This action is in substance for the recovery of damages for a breach of covenant, and is governed by the rules applicable to that action. To an action of covenant, the defendant may set up various defences in bar of the action. He may deny that he ever made the covenant, by putting in the plea of non est factum; or he may plead a fraud practised upon him in its execution, and so avoid it. He may plead that he has performed the covenant stipulated on his part to be performed, or that he is discharged from performance by the failure of the plaintiff to perform a condition precedent. He may plead an accord, which Blackstone defines to be "a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon this account." 3 Bl. Comm. 15; 1 Bac. Abr. "Accord." 54.

The question arises in this case, to which of these classes of pleas do the seventh and eighth amended pleas belong? Are they pleas of accord and satisfaction, or of covenants performed? It seems to me that they are not pleas of the latter class, because they fail to aver performance. It is true that they aver part performance, and a readiness and an offer to perform fully, which was refused by the plaintiffs. The defence then is, part performance and a legal excuse assigned for failure to perform fully. A part performance, and a readiness and offer to perform the residue, is not in all cases equivalent to an actual, full and complete performance. For example; if A. covenants with B. to do any specific act, as to deliver certain property upon the demand of A. at a certain place, and B. is sued by A. for a failure to deliver the propery, B. may show that he could not deliver it, because A. never made the demand, and so bar the recovery of damages, on the ground that he was pre-

vented from performing the contract by the fault of A., and not by any fault of his own. But suppose the action should be brought by B., can he recover the same amount of A. that he would be entitled to, in case he had actually delivered the property and fully performed his contract? Clearly he could not. He could recover no more than the damages he had sustained by reason of the failure of A. to make the demand, so as to enable B. to comply with his contract. B. never having in fact delivered the property, would not be entitled to recover its value. The property is still his own, and he could only legally recover of A. the damages occasioned by the breach of the contract on the part of A. Thus it appears that part performance and readiness to perform in full does not give a party the same rights.

These, then, are not pleas of covenants performed. To what class do they belong? It appears to me that they can only be considered as pleas of accord, and are they, in the form pleaded, valid? I think not; for it is not averred that the accord was received and accepted in satisfaction of the contract sued on; but it is averred that performance of the new agreement was to operate as satisfaction. Full performance, as already remarked, is not alleged; and according to the best authorities, an executory agreement unperformed cannot be set up as a valid accord and satisfaction. 1 Bac. Abr. "Accord and Satisfaction," A, 55; 1 Ld. Raym. 122; 6 Wend. 390; 16 Johns. 86; 2 H. Bl. 317; 5 Term R. 141.

The demurrer to the seventh and eighth amended pleas is sustained. Demurrer sustained.

NOTE. Performance of part and tender of performance of the residue is not a good plea. Shepherd v. Lewis, T. Jones, 6; 1 Bac. Abr. "Accord." A. 59. If an accord be to do two things, and the defendant do one, and not the other, this is no bar to the action, because the plaintiff has no remedy for that which is not performed. 1 Bac. Abr. "Accord," A, 58; Rolle, Abr. 129. The accord must be executed. 9 Coke, 79, b; 1 Salk. 76; T. Raym. 450; 2 Keb. 332; T. Jones, 158, 168; 7 Blackf. 582. Part payment and an agreement to take the residue at a future day cannot be pleaded as satisfaction in bar. Cro. Eliz. 304–306. To constitute a bar to the action, the accord must be full, complete, and executed. 6 Wend. 390; 16 Johns. 86; 3 Johns. Cas. 243; 5 N. H. 136, 410; 1 Com. Dig. B, 4, 201, tit. "Accord." Bacon says: "Accord is an agreement between two persons, to give and accept something in satisfaction of a trespass, etc., done by one to the other. This agreement, when executed, may be pleaded in bar to an action for the trespass: for in all personal injuries, the law gives damages as an equivalent; and when the party accepts of an equivalent, there is no injury or cause of complaint, and therefore present satisfaction is a good plea; but if the wrongdoer only promise a future satisfaction, the injury continues till satisfaction is actually made, and consequently there is a cause of complaint in being; and if the trespass were barred by this plea, the plaintiff could have no remedy for the future satisfaction, for that supposes the injury to have continuance." 1 Bac. Abr. tit. "Accord and Satisfaction," 54. If the defendant pleads a concord

between himself and the plaintiff, that he should pay the plaintiff £3 in hand, and should undertake to pay the plaintiff's attorney's bill, and avers that he had paid £3, and was always ready to pay the attorney's bill, but he never showed him any; this is no good plea, because the accord is not shown to be fully executed. 1 Bac. Abr. 59; 3 Keb. 690; 1 Com. Dig. "Accord," B. 4. To make a plea good, both accord and satisfaction must be shown. Maze v. Miller [Case No. 9,362].