# GRAFTON,

## ABBOTT v. THE FIRST UNIVERSALIST SOCIETY.

The plaintiff brought an action against the First Universalist Society, and offered in evidence a note, signed by two persons, who described themselves as the committee of the First Universalist Society. *Held*, that the evidence was incompetent.

The plaintiff brought an action of assumpsit, and declared upon a promissory note and for services rendered. It appeared that one Fifield gave a note, in part payment for the services of the plaintiff, as pastor of the First Universalist Society. But Fifield was not a member of the society, nor authorized to contract on their behalf. *Held*, that he was a competent witness for the plaintiff, in support of the count for services rendered.

ASSUMPSIT, upon a promissory note, as follows:

"Bath, Septr. 28, 1847.
We, the committee of the First Universalist Society, in Bath, N. H., jointly and severally promise to pay A. R. Abbott forty-one dollars and eighteen cents, with interest, for his services as pastor of said society.

IRA WALKER,
JOSEPH FIFIELD."

### INDORSEMENTS.

"Society note,................................$41,18
Nov. 10, 1847.   Received on the within,........... 10,00
Mar. 10. 1848.   Received on the within,........... 11,00
May 30, 1848.   Received on the within,........... 7,00."

There was a count for money had and received, and a count for services rendered by the plaintiff, as pastor of the society.

The court ruled, upon exception being taken by the defendants, that the note which was offered in evidence was incompetent to maintain the first or second count.

In support of the third count, the plaintiff offered Joseph Fifield as a witness.

It being admitted that the note was given in part for the services of the plaintiff as a pastor, rendered in the meeting-house belonging to the defendants, and the question being whether the services were rendered upon the employment of the defendants, or of persons who were not the authorized agents of the defendants, they objected that the witness was interested, by reason of the note, and, therefore, incompetent to testify in the cause. Fifield was not shown to be a member of the society, or authorized to contract on their behalf. The objection was overruled and the witness admitted, and the defendants excepted therefor, a verdict having been returned for the plaintiff.

*J. L. Carlton*, for the plaintiff.

*Hibbard & Bedel*, for the defendants.

I. Joseph Fifield was an incompetent witness, on the ground of interest. The note, on the face of it, shows that he was legally liable to pay the amount due on it. His interest was to charge the defendants, and thereby relieve himself from this legal liability. It did not appear in evidence that he was a member of the society, or had any authority to settle the debts of, or make contracts for the society, so that he would necessarily be liable as a member of the society for the whole or any part of the amount sought to be recovered, and might, if obliged to pay it himself, have a remedy over on the society for any portion of what he might legally

be compelled to pay. 1 Greenl. Ev. §§ 386, 391, 392, 393, 395.

II. Upon ruling the note in as evidence to sustain the third count in the writ, the court should have instructed the jury that the note, together with the indorsement, were *prima facie* evidence of payment of the amount sought to be recovered under the count. *Wright* v. *Manufacturing Co.* 1 N. H. Rep. 281; *Stone* v. *Page*, 10 Met. 160; *Bate* v. *Burr*, 4 Har. 130; Smith's Leading Cases 318.

Abbott's claim, if he had any on the society, was extinguished by this note.

III. The case of *Emerson* v. *Providence Hat Manufacturing Co.*, relied upon by the plaintiff as authority for introducing this note and this witness, upon examination, it is contended, will afford authority quite the reverse. If it is recollected aright, the individual who gave the note in that case was shown to have acted as the agent of the company, and that the company actually received the consideration for which the note was given, neither of which material facts appear in evidence in this case.

GILCHRIST, C. J. The ruling as to the admissibility of the note under the first and second counts, was correct. The action was against the First Universalist Society. The evidence shows a promise by two persons, who describe themselves as the committee of the First Universalist Society. The committee may be holden, in some cases, where the society is not holden, and we cannot say that the committee and the society are identical, so that a promise by one is, in its legal effect, a promise by the other.

As to the third count for services rendered, if B. owes A. and C., without any consideration and without request from B., gives his note to A. for the debt, and then A. sues B., we see no ground upon which C. can be excluded as a witness. The record in the suit between A. and B. cannot be evidence in a suit by A. against C. Is the immediate effect

of a recovery by A. against B. to better the condition of C. In this case, Fifield is not interested in the record as an instrument of evidence. A recovery by the plaintiff would do him no good, in the event of a suit by the plaintiff against him on the note. The judgment would be no evidence, because it would be *res inter alios acta*, and would constitute no defence. Such a recovery would be of no immediate benefit to him. He would be no more or less liable on his note. He would not receive that certain benefit which is contemplated in the case of *Latham* v. *Kenniston*, 13 N. H. Rep. 203. Fifield was not a member of the society, nor authorized to contract on its behalf. He was simply one who gave his note for another person's debt, without authority or consideration. In the case of *Curry* v. *Rogers*, 1 Foster's Rep. 247, it was held that in an action of assumpsit there must be either an express or an implied promise from one party to the other. It is not sufficient that moneys are advanced or services rendered for a party to make him liable therefor. They must have been authorized, either expressly or impliedly, or must have been subsequently sanctioned by him.

*Judgment on the verdict.*