## GREEN *v.* PICKERING.

Where the plaintiff, having a lien upon a boat for labor done and materials furnished in repairing it, at the request of the defendant, brings a suit against the defendant and attaches the boat, the owner of the boat has an interest to defeat the suit, and is not a competent witness for the defendant.

If the report of an auditor contain a statement of the facts proved before him, it will be recommitted to him with directions to strike out from the report everything except the statement of the accounts between the parties.

ASSUMPSIT. The writ is dated February 7th, 1852. On the day of its date the schooner Linda, then lying in Ports-

Green v. Pickering.

mouth harbor, was attached upon it. The precept in the writ to the sheriff is, " to attach the goods and estate of the defendant, together with the schooner called the Linda, lying at Union wharf, in said Portsmouth." The declaration is indebitatus assumpsit for the labor and services of the plaintiff and his servants done and performed, and for materials furnished by the plaintiff, at the request of the defendant, in repairing and fitting said schooner Linda.

Plea the general issue.

The case was submitted to an auditor, who made report, as follows :

" Pursuant to the commission hereto annexed, I, the auditor therein named, having appointed the fourth day of February, A. D. 1853, at my office, in the city of Portsmouth, at ten of the clock in the forenoon, the time I would attend to the duties prescribed to me, the parties having agreed to the time and place, the plaintiff, with his attorney, Albert R. Hatch, Esq., and the defendant, with his attorney, Wm. H. Hackett, Esq., were all present at my office in said city of Portsmouth, at the time above named, and after hearing the several allegations and proofs, report—that the defendant pleaded that he never promised the plaintiff in manner and form as set forth or declared by him, and to sustain his plea, the defendant offered Wm. M. Peirce as a witness, who was objected to by the plaintiff, on the ground that said Peirce was an interested party, he being the owner of the boat Linda, on which the labor and materials were done and furnished, as charged in the plaintiff's account, on which this action is founded, said boat, as the plaintiff alleges, being liable for the repairs made by him, as charged for in this case. His evidence was admitted, subject to the decision of the court, on the objection made by the plaintiff. His testimony went to show that he was the owner of said boat Linda, that she was run into and damaged by some vessel, by which Henry Washburn, of Gardiner, Maine, was accountable for said damage, and the defendant was ap-

pointed by said Washburn as an agent to have said boat repaired, and that the plaintiff had stated to him that he knew that the defendant was acting as such. If the court should decide that said William M. Peirce was a competent witness in this case, I report that the defendant did not promise to pay the plaintiff in manner as set forth in his declaration, and in my opinion should be discharged from this suit. But if the court should decide that the testimony of said Peirce should not have been admitted, then I report that the items in the plaintiff's account are substantiated by evidences produced, and the defendant should be allowed the sum of ten dollars by the sinking and neglect in taking care of said boat while in the hands of the plaintiff for repairs. I therefore state the accounts between the parties as follows, namely:

*James Pickering to Joseph W. Green.*

1852.

Feb. 4.   For 37 days labor on boat Linda, at 9s,.... $55,50
   "     232 feet oak lumber, at 5c,........... 11,60
   "      58 rivets, at 4c.; 3 lbs. copper nails, $1,   3,32
   "      15 lbs. nails, at 25c,................   3,75
                                                 ───────
                                                  $74,17
Less for this sum allowed defendant as above
   stated,................................. 10,00
                                                 ───────
                                                  $64,17

Which makes due to the plaintiff the sum of sixty-four dollars and seventeen cents, which in my opinion should be allowed to him.

                              JOHN BENNETT, Auditor."

The defendant proposing to try the cause by the jury, the plaintiff moved the court that the report be recommitted to the auditor, with instructions to strike out all that relates to

the testimony of Wm. M. Peirce, and all except a state-
ment of the accounts between the parties, to which the de-
fendant objected.

*Hatch*, for the plaintiff.

I.  The first question in this case arises upon the admis-
sibility of the testimony of Wm. M. Peirce. The auditor
has reported in the alternative; if the testimony of Peirce
is admissible, the auditor finds nothing due from the defend-
ant to the plaintiff. If Peirce was interested in the suit,
$64,17 is due the plaintiff.

The plaintiff in this action had a lien for his demand
upon the schooner Linda. Com. Stat. ch. 139, § 1. The
auditor finds that the repairs on the vessel were completed
February 4, 1852, and plaintiff commenced his suit and at-
tached the boat February 7, 1852, and so secured his lien.
Com. Stat. ch. 139, § 2. Whatever judgment he recovers
in this suit may be enforced against the vessel. If so he
has a direct interest to defeat this suit, for by it the vessel
may be taken from him.

It is immaterial that he may have a remedy over on Pick-
ering or Washburn. That remedy may be of no value. 1
Greenl. Ev. § 420.

II.  The testimony of Peirce, as stated by the auditor, is
not sufficient to defeat the plaintiff's action.

(1.)  If the plaintiff knew that the defendant was acting
as agent for Washburn, when he undertook the work, (and
Peirce's testimony does not go so far as that,) defendant
might and would still be personally liable for the repairs.
The credit was given to him, and Washburn lived out of
the State, from which circumstance alone the liability of the
defendant is to be presumed, notwithstanding the disclosure
of his agency. Story on Agency, § 290; § 266.

(2.)  Washburn lives out of the State, and no service
could be made on him. The plaintiff cannot have judg-
ment, and must lose his lien, unless the action may be main-

tained against his agent here. The plaintiff may make any person who has the custody of the boat defendant, so far as to obtain a special judgment, *in rem.* The defendant, as to the repairs, had possession and a qualified ownership of the vessel.

But the plaintiff says that the repairs were made on the sole credit of the defendant, and that he never pretended to be agent for Washburn till the repairs were nearly completed, and so the auditor finds upon all the competent testimony in the case. Before the case goes to the jury, the plaintiff is entitled to have the recital of incompetent testimony struck out, so that the report may be offered in evidence. Com. Stat. ch. 202, § 5.

*Hackett,* for the defendant.

The plaintiff, of course, does not intend that his motion to strike out *all that relates to* the testimony of William M. Peirce shall apply to that part of the auditor's report which states the facts upon which the competency of W. M. Peirce as a witness turns, because he united with the defendant in the request that the auditor would so report the facts as to raise that question.

Washburn, who resided in Gardiner, Maine, and whose brig had injured the boat of W. M. Peirce, had requested the defendant to get some one to repair the boat at Washburn's expense, and send the bills to him and he would pay them. In pursuance of this request, the defendant applied to the plaintiff's intestate to repair the boat, as he says, and as the auditor in effect reports, disclosing Washburn as his principal, and that the defendant was acting as his agent. As soon as the boat was repaired and put in the possession of Peirce, Green sued Pickering and attached Peirce's boat. Upon the trial before the auditor, Peirce was offered as a witness, and was objected to upon the ground that he was interested to defeat this suit because his boat was attached. The auditor admitted Peirce, and he testified that Picker

Green *v.* Pickering.

ing disclosed his agency to Green at or about the time the contract was made. The question is whether Peirce is a competent witness.to prove that fact. I maintain that he is.

I. Because he has no interest, according to the general rule. 1 Greenl. Ev. §§ 390, 491. The authority of the plaintiff, 1 Greenl. 420, does not apply to this case. In this case Peirce not only has his remedy over against Washburn and the defendant, but there is no evidence to show that the boat will be needed, in any event, to pay a claim of less than $100. Judge Pickering and Washburn are both men of property.

II. It is only when the decision of the pending case will certainly affect the witness that he is incompetent. In this case it is not probable that the boat, which was receipted for and has gone back into Peirce's possession, will be needed to pay this claim, and if it is needed the defendant confidently disputes the plaintiff's lien. 1 Greenl. 408, 409.

III. We say that Peirce has no legal interest in the event of this suit. If he have any interest it is a " remote, contingent and uncertain interest," and does not affect his competency as a witness, and what interest he has is against Pickering, the party calling him. Upon the plaintiff's ground the lien on the boat of Pierce is fixed by the attachment. " The plaintiff may make any person who has the custody of the boat defendant so far as to obtain a special judgment *in rem.*" Now, whether this be so or not, or whether the plaintiff has a lien or not, the testimony of Peirce has no tendency to discharge or affect the lien. The effect of Peirce's testimony is to establish the fact, that the plaintiff had a remedy, cumulative or otherwise, against Washburn, and not against Pickering. But he leaves the plaintiff's lien untouched. Whether Pickering or Washburn, one or both, are liable or not, does not discharge or affect the lien. What interest, then has Pierce ? If he have any interest, it is that the plaintiff should prevail in this

suit, collect his debt out of Pickering's property, and thereby discharge the plaintiff's lien upon Peirce's boat.

The lien claimed in this case is founded upon the statute, and is sought to be enforced, not by retaining possession, but by an attachment; an attachment in no wise different from ordinary attachments, except as to precedence.

I contend that the defendant could not give the plaintiff a lien, under the statute, upon the property of Peirce, a third person. That the lien can be created only by the person having the right of property. That A. acting for himself or as the agent of B., cannot make a contract with C. that will give C. a lien upon the property of D. That to give a lien under the statute, the labor must be performed or the materials furnished at the request of some one having the right of property in the vessel. 19 Pick. 228.

IV. The only mode by which the lien claimed in this case can be made available is by attachment, that is, by a suit against the person who owns the vessel, and at whose request, express or implied, the labor was performed and the materials furnished. If the plaintiff's intestate under his contract with Washburn or Pickering to work for one or both of them on Peirce's boat, can sue either of them and attach the boat, then the men who worked or furnished material at Green's request, and under him can sue Green and attach the same property. Whose attachment will then have precedence? Where is Peirce to find a remedy? Washburn has fulfilled his contract with Peirce and delivered the boat.

V. The language of the second section of the 139th chapter of the Compiled Statutes shows that the "lien" provided for in the first section means the same thing as an "attachment." "Such lien" may be secured by attachment, and when secured, it is merged in, or in no wise differs from an ordinary attachment, except as to precedence. This is the only alteration which the law makes in the ordinary remedy. Now no property can be held by attachment ex-

cept the property of the party to the suit upon which the property is attached. Any other construction would not be reasonable, and could not be well carried out.

The lien law confers upon a certain class of creditors the capacity of priority in the attachment of a certain species of property, of a certain class of debtors, for a limited time. Beyond this, it does not go, and beyond this it cannot be carried without introducing incongruity and confusion. I contend—

1. That Peirce had no legal interest in the event of this suit, and if he had any interest it is against Pickering, the party calling him.

2. That our statute does not give the plaintiff a lien upon the property of Peirce for work done for Pickering or Washburn, in fulfilment of Washburn's contract with Peirce.

If either of these propositions is sound, of course Peirce is a competent witness.

GILCHRIST, C. J. The action is brought to recover the amount of the plaintiff's bill for labor and materials furnished in repairing the schooner Linda.

For this he has a lien on the vessel for the space of four days, and the lien may be secured by attachment. Comp. Laws ch. 139, §§ 1, 2.

The owner of the vessel, consequently, must hold it subject to this lien, and cannot have the control of it until the lien is discharged. There is a cloud upon his title which would hinder his conveying the vessel, and would detract from the value of the property in the market.

Peirce owned the schooner, and was offered as a witness by the defendant. He has an interest to defeat this suit, for if that is done, the lien is removed from the vessel. Otherwise she may be sold to pay the plaintiff's bill.

The law considers a witness as being interested, " if there be a certain benefit or disadvantage to him attending the

consequences of the cause one way." Gilb. Ev. 106, 107. And this benefit "may arise to the witness in two cases; first, where he has a direct and immediate benefit from the event of the suit itself, and secondly, where he may avail himself of the benefit of the verdict in support of his claim in a future action." *Tindal*, C. J., in *Doe* v. *Tyler*, 6 Bing. 394; *Bent* v. *Baker*, 3 Term, 27; *Smith* v. *Praget*, 7 Term, 62; *Rex* v. *Boston*, 4 East, 581; *Latham* v. *Kenniston*, 13 N. H. Rep. 206.

Peirce would derive a certain benefit from defeating the plaintiff's suit, which would be the removal of the lien from his property. He comes within the rule above stated, and is incompetent. What would be the effect of his testimony if he were competent, it is unnecessary to inquire.

The report, as it now stands, is not in a proper condition to go to the jury, as it contains statements of facts, and the duty of the auditor is only to state the accounts. If the report contain other matters, it is not competent evidence for the jury, and should be recommitted, with instructions to strike out the extraneous matter. *Bartlett* v. *Trefethen*, 14 N. H. Rep. 427.

*Plaintiff's motion to recommit granted.*